## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVAYA INC., | § | |
| Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | C.A. No. 1:12-cv-00191-LPS |
| SNMP RESEARCH INTERNATIONAL, INC., | §<br>§<br>§ | |
| Defendant. | §<br>§<br>§ | |

## DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE

Pursuant to Fed.R.Civ.P. 12(b)(6) and 12(f), Defendant SNMP Research International, Inc. ("SNMPRI") respectfully moves the Court for an Order dismissing and/or striking the Complaint. Portions of the Complaint are unintelligible while other portions improperly rely on or include conduct or statements made in compromise negotiations and are legally irrelevant pursuant to Fed.R.Civ.P. 408.

### I.   BACKGROUND

The present case stems from a dispute between SNMPRI and Avaya related to a license allowing Avaya to distribute copyrighted software owned by SNMPRI. As alleged in the Complaint, on November 1, 2011, SNMPRI sent Avaya notice that SNMPRI considered Avaya to be in breach of the license agreement. (Compl. ¶¶ 8, 18.). This notice triggered a forty-five (45) day period in which Avaya could cure any breaches or, upon the failure to do so, the license could be terminated by SNMPRI. (Compl. ¶ 19). The Complaint alleges that, after Avaya received the November 1, 2011 letter, Avaya and SNMPRI began negotiations regarding Avaya's "purported breach of the License

{D0001049}562772v2

1

Agreement." (Comp. ¶ 20.)  The Complaint alleges that Avaya and SNMPRI met on December 14, 2011, "to discuss the resolution of alleged breaches surrounding the Avaya Red Products and the Avaya Blue Products." (Compl. ¶ 21.)   As alleged in the Complaint, the meeting took place at SNMPRI's outside counsel's office and present at the meeting was Avaya's corporate counsel, Mr. Dearing.  *Id.*  While not mentioned in the Complaint, SNMPRI's outside counsel, Mr. Wood, was also present.  The Complaint further alleges that, during these "discussions," SNMPRI and Avaya "agreed in principle" on a process to resolve the parties' dispute (Compl. ¶¶ 22-27.) and alleges additional facts related to the compromise negotiations.  (*see* Compl. ¶¶ 28-29.)

Next, the Complaint offers allegations about the compromise negotiations as they relate to negotiation of a "Standstill Agreement" (never agreed to).  (Compl. ¶¶ 29-32.) Finally, the Complaint alleges facts about statements and proposals made during subsequent compromise negotiations between representatives of Avaya and SNMPRI. (*See* Compl. ¶¶ 33-35, 37, 39.)  The Complaint alleges that Avaya considered these statements and proposals to be part of the ongoing negotiations between SNMPRI and Avaya in an attempt to resolve the dispute between them. (Compl. ¶¶ 33, 36-37, 39.)  The Complaint states that on February 1, 2012 (more than forty five days after the November 1, 2011 letter), SNMPRI sent Avaya a notice of termination of the license.  (Compl. ¶ 31.)

The Complaint closes with three causes of action.  The first is for declaratory judgment, stating that: "In light of the parties' ongoing negotiations, and Avaya's good faith efforts to cure any alleged breaches of the License Agreement, SNMP[RI]'s notice of termination of the License Agreement is improper and invalid." (Compl. ¶ 46.)  In the

Prayer, Avaya seeks an Order from the Court: "Declaring that SNMP[RI]'s notice of termination is invalid as Avaya is making a good faith attempt to cure the alleged default[.]" (Compl. ¶ Prayer(b).)

The second cause of action is for alleged breach by SNMPRI of the license agreement. (Compl. ¶¶ 48-52.) The alleged breach is founded on SNMPRI's termination of the license despite the allegation that "Avaya has fully performed *or offered to perform* all of its material obligations under the License Agreement." (Compl. ¶ 50.) (emphasis added). No alleged offers to perform are identified, except Avaya's claims about what transpired during the compromise negotiations.

The third cause of action is for alleged breach of an implied covenant of good faith and fair dealing. (Compl. ¶¶ 53-62.) Avaya asserts that the parties "agreed to negotiate" a cure of the breaches of the license alleged by SNMPRI (Compl. ¶ 57.) and that in reliance on this "agreement" Avaya undertook some action. (Compl. ¶ 58.) Avaya then pleads that "SNMP[RI]'s improper termination of the License Agreement while the parties continued to negotiate constitutes a breach of the implied covenant of good faith and fair dealing." (Compl. ¶ 60.)

## II. LEGAL STANDARD

### A. Legal Standard for Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Fed.R.Civ.P. 12(b)(6) a claim must be dismissed if it fails to state a claim upon which relief can be granted. Under the standard set forth in the Supreme Court's decisions in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*, to comply with Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide fair notice of the grounds for entitlement to relief and include factual allegations which, taken as true, state

{D0001049}562772v2

a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, XXX. (2009).

### B.  Legal Standard for a Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) provides that upon motion of a party, the court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Generally, motions to strike are disfavored, and when ruling on a motion to strike, "the court must construe all facts in favor of the nonmoving party." *Symbol Tech., Inc. v. Aruba Networks, Inc.*, 609 F.Supp.2d 353, 356 (D. Del. 2009).  However, a motion to strike should be granted when the challenged material is "redundant, immaterial, impertinent, or scandalous" and the adverse party will suffer some prejudice by allowing the material to remain. *See id.* at 359.

Portions of a pleading are "immaterial" if they are "legally irrelevant." *See Beal v. Gen. Motors Corp.*, 354 F. Supp. 423, 429 (D. Del. 1973) (striking the words "as warranted" from the portion of the complaint alleging a claim for negligent repair because the terms of defendant's warranty were irrelevant for purposes of establishing the duty of care owed to plaintiff).  Under Federal Rule of Evidence 408, evidence of compromise or settlement negotiations are not admissible when offered to "prove or disprove the validity or amount of a disputed claim . . . " because such evidence is legally irrelevant. *See* Fed. R. Evid. 408 and Notes of Advisory Committee on Proposed Rules; *see also Ciolli v. Iravani*, 625 F.Supp.2d 276 (E.D. Pa. 2009); *Mobius Mgmt. Sys., Inc. v. Acartus, Inc.*, No. Civ. 05-346, 2006 WL 1788484, *2 (D. Del. June 28, 2006).  Thus, Federal Rule of Civil Procedure 12(f) allows courts to strike portions of a pleading that discuss or allege facts that would otherwise be inadmissible under Rule 408.

{D0001049}562772v2

4

**C. Legal Standard for Excluding Evidence Under Federal Rule of Evidence 408**

Federal Rule of Evidence 408 is implicated when there is a dispute between two parties that then engage in settlement or compromise discussions about the validity or amount of one party's claim against the other. *See* Fed. R. Evid. 408; *see also Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 526 (3d Cir. 1995). For purposes of Rule 408, a "dispute" exists both when there is ongoing litigation between the parties that engaged in the settlement or compromise discussions and during the "less formal states of a dispute" such as when there is a "clear difference of opinion between the parties" about either the validity or amount of one party's claim against the other. *Affiliated Mfrs., Inc.*, 56 F.3d at 526.

When a "dispute" exists between the parties, Rule 408 makes two categories of evidence inadmissible: (1) evidence of a promise or offer of consideration which is offered as an attempt to compromise a claim and (2) evidence of conduct or statements made about the claim during the compromise or settlement negotiations. *See* Fed. R. Evid. 408. Such inadmissible evidence includes correspondence between the parties discussing a promise or offer to compromise, evidence of statements made or acts that occurred which the parties were attempting to reach a compromise, and testimony about the attempts to compromise. *See Affiliated Mfrs., Inc.*, 56 F.3d 524-26. It also includes correspondence or testimony about conversations between the parties that discuss the dispute or discuss attempts to resolve the dispute. *See id.* at 523, 528 (excluding deposition testimony about the substance of two meetings between the parties that were an attempt to settle their dispute); *see also ECEM European Chem. Marketing BV v.*

*Purolite Co.*, No. 10-4343, 2011 WL 5517319, at * 3-4 (3d Cir. Nov. 4, 2011) (excluding evidence of e-mail correspondence between the parties during the five months before plaintiff filed suit because the "threat of litigation" loomed over the parties when one refused to pay an invoice and the other insisted that the invoice be paid).

Federal Rule of Evidence 408 makes the preceding evidence inadmissible when it is offered by either party, (1) to prove or disprove the validity of a claim, (2) to prove or disprove the amount of a disputed claim, or (3) to "impeach by a prior inconsistent statement or contradiction." Fed. R. Evid. 408.

### III.DISCUSSION

#### A. The First Cause of Action

Simply put, there is no legal basis for Avaya's first cause of action. The Complaint fails to put SNMPRI on notice of the grounds for entitlement to relief. No statute or principle of contract law is cited or referred to. It appears that Avaya wants the Court to "declare" that as long as "Avaya is making a good faith attempt to cure" its breaches, then SNMPRI is barred from exercising the termination provisions of the license. That would, of course, be a modification of the license itself which explicitly provides for a 45 day cure period. Again, there is simply no legal basis for such a "cause of action" and SNMPRI is not on notice for what the grounds of such a claim would be.

#### B. The Second Cause of Action

As noted above, the second cause of action is for alleged breach of the license agreement by SNMPRI. While Avaya does not appear to contest that it had not performed its obligations under the terms of the license agreement, Avaya appears to contend that it "offered to perform" those obligations during the compromise

negotiations. (Compl. ¶ 50.) For this reason, Avaya asserts that SNMPRI's claim of breach is invalid and Avaya is not liable for breach of the license agreement. (Compl. ¶ 51.) Indeed, Avaya asserts that these alleged statements made during the compromise negotiations prove that SNMPRI is liable for breach. *Id.* Even assuming that Avaya's factual assertions were true, Avaya's claim would still be barred as a matter of law.

Avaya characterizes the compromise negotiations as an effort to resolve SNMPRI's claims of breach.[1] (Compl. ¶ 20.) Avaya is attempting to do precisely what Rule 408 bars Avaya from doing. That is, Avaya avers that SNMPRI's claim of breach (and thus right to terminate) is invalid because of conduct or statements (i.e., Avaya's alleged "offers to perform") made during the compromise negotiations. Likewise, Avaya avers that proof of SNMPRI's liability for the claimed breach is Avaya's conduct or statements made during the compromise negotiations. Because of the nature of the alleged facts and the purpose for which they are alleged, evidence of these facts would not be admissible under Rule 408 *See* Fed. R. Evid. 408; *Affiliated Mrfs., Inc.* 56 F.3d at 523, 528. Because evidence of these facts would not be admissible under Rule 408, the facts alleged are legally irrelevant, are immaterial, and should be stricken from the Complaint pursuant to Rule 12(f). *See* Fed. R. Civ. P. 12(f); *see also Ciolli*, 625 F.Supp.2d at 284-89; *Beal*, 354 F.Supp. at 429.

---

[1] While there seems little doubt that Rule 408 is applicable to the SNMPRI/Avaya discussions, Federal Rule of Evidence 408 is implicated when there is a dispute between two parties that then engage in settlement or compromise discussions about the validity or amount of one party's claim against the other. *See* Fed. R. Evid. 408; *see also Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 526 (3d Cir. 1995). For purposes of Rule 408, a "dispute" exists both when there is ongoing litigation between the parties that engaged in the settlement or compromise discussions and during the "less formal states of a dispute" such as when there is a "clear difference of opinion between the parties" about either the validity or amount of one party's claim against the other. *Affiliated Mfrs., Inc.*, 56 F.3d at 526. In addition, if necessary, SNMPRI is prepared to offer a declaration that Avaya's counsel, Mr. Dearing explicitly stated that the SNMPRI/Avaya discussions were subject to Rule 408.
{D0001049}562772v2

7

While compromise negotiations are inadmissible under Rule 408, SNMPRI notes that one of the purposes of Rule 408 is demonstrated in this case. If evidence of compromise negotiations with attorneys present is admitted for improper purposes, attorneys would frequently face disqualification motions as they would become fact witnesses. This was a potential area of mischief identified by the Advisory Committee in support of the Rule. See Rule 408 Advisory Committee Comments to 2006 Amendments.

Both Avaya's counsel, Mr. Dearing, and SNMPRI's outside counsel, Mr. Wood, were present at the December 14 meeting. If evidence of the conduct and statements made there are admissible to prove the invalidity of SNMPRI's claim (or the validity of Avaya's claim), then both Mr. Dearing and Mr. Wood are fact witnesses whose testimony may be needed at trial. Therefore, they may be disqualified from representing their clients. As noted, preventing this mischief is one purpose of Rule 408.

Accordingly, the second cause of action should be dismissed either under Fed.R.Civ.P. 12(b)(6) (for failing to state a claim) or stricken under Fed.R.Civ.P. 12(f) (as irrelevant or immaterial). See Mobius Mgmt. Sys., Inc. v. Acartus, Inc., No. Civ. 05-346, 2006 WL 1788484, *2 (D. Del. June 28, 2006). Likewise, all the factual statements offered regarding the compromise negotiations should be stricken for the same reason.[2]

---

[2] SNMPRI notes that the improper offering of compromise negotiation evidence makes further settlement discussion with Avaya exceedingly difficult. Even when Avaya's counsel start a meeting with Rule 408 notices, apparently, Avaya feels no hesitation to try and use the fact of discussions or statements made during them to advantage. In those circumstances, settlement discussions seem practically foreclosed.
{D0001049}562772v2

## C. Third Cause of Action

The third cause of action suffers from the same defect as the second – namely, it is founded on the alleged statements made during the compromise negotiations and uses those statements to prove the validity of Avaya's claim/invalidity of SNMPRI's claim.

As an initial matter, a claim based on the implied covenant of good faith and fair dealing is not a stand alone claim. It must be part of an overall breach of contract claim. See *Jones v. Lemoyne-Owen College*, 308 S.W.3d 894, 907 (Tenn. Ct. App. 2009). Here, Avaya appears to assert that the contract was either the license agreement or the "agreement to negotiate." An "agreement to negotiate" is not a contract.

Thus, at best, Avaya is asserting breach of an implied covenant in the license agreement itself. The proof of the alleged breach appears to be either:

1) the conduct and statements made during the compromise negotiations; or

2) SNMPRI's notice of termination, in light of the conduct of the compromise negotiations themselves.

In either case, the claim and alleged evidence are inadmissible under Fed. R. Evid. 408. Because evidence of these facts would not be admissible under Rule 408, the facts alleged are legally irrelevant, are immaterial, and should be stricken from the Complaint pursuant to Rule 12(f). *See* Fed. R. Civ. P. 12(f); *see also Ciolli*, 625 F.Supp.2d at 284-89; *Beal,* 354 F.Supp. at 429. Accordingly, the third cause of action, and the supporting paragraphs, should be stricken pursuant to Fed.R.Evid. 408.

## IV. CONCLUSION

For all of the foregoing reasons, SNMPRI respectfully requests that this Court dismiss and strike those portions of the Complaint identified in this motion, including but not limited to paragraphs 21-35, 37, 39, 37 and 59-60 in their entireties.

Respectfully submitted this the 9th day of March, 2012.

By: */s/ Thomas H. Kovach*
Thomas H. Kovach (3964)
Karen M. Grivner (No. 4372)
Gregory W. Hauswirth (5679)
THORP REED & ARMSTRONG, LLP
824 Market Street, Suite 710
Wilmington, DE 19801
Telephone: (302) 250-4750
Facsimile: (302) 421-9439
Email: kgrivner@thorpreed.com

James C. Pistorino
PERKINS COIE, LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 838-4300
Facsimile: (650) 838-4350
Email: JPistorino@perkinscoie.com

John L. Wood
EGERTON MCAFEE ARMISTEAD &
DAVIS, P.C.
900 S. Gay Street, Suite 1400
Knoxville, TN 37902
Telephone: (865) 546-0500
Facsimile: (865) 525-5293
Email: jwood@emlaw.com

*Attorneys for Defendant SNMP*
*Research International, Inc.*

{D0001049}562772v2

10