## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVAYA INC., | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | )   CA. No. 1:12-cv-00191-RGA-SRF |
| SNMP RESEARCH INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

---

## DECLARATION OF JOHN L. WOOD, ESQ. IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

I, John Wood, declare as follows:

1.      I am an attorney with the law firm of Egerton, McAfee, Armistead & Davis, P.C, counsel for defendant SNMP Research International, Inc. ("SNMPRI").  I am also counsel for SNMP Research, Inc. ("SNMPR").  I have personal knowledge of all of the matters to which I attest herein and, if called as a witness, could and would testify competently to such facts under oath.

2.      Attached hereto as Exhibit A is a letter I sent to Avaya on November 1, 2011, which notifies Avaya of its default under the license agreement referred to therein (the "License Agreement").

3.      Avaya did not respond to my November 1 letter until December 3, 2011, at which time Avaya requested a meeting to discuss its breach of the License Agreement. SNMPRI agreed to Avaya's request, and I participated in a meeting with Avaya in Knoxville, Tennessee on December 14, 2011.

4.      The December 14th meeting, and the parties' communications relating thereto, were intended to be settlement communications subject to Federal Rule of Evidence 408.

Subsequent to Avaya's filing of its motion for a preliminary injunction, Avaya's counsel refused to enter a stipulation that would have prevented the parties from making additional references in Court filings to the December 14 meeting and communications related thereto.

5.      After the December 14th meeting, I exchanged e-mails with Avaya's counsel (Exhibits B and C hereto).  My e-mail (Exhibit B) accurately reflected the parties' discussion at the December 14th meeting.

6.      On January 6, 2012, I sent an email to Avaya (Exhibit D hereto).

7.      Attached to my January 6, 2012 email was a draft of a "standstill" agreement (Exhibit E hereto) that I prepared, which accurately reflects and was consistent with the parties' discussions at the December 14, 2011 meeting.  The parties did not execute Exhibit E, and, by its own terms, it expired on January 15, 2012.

8.      Avaya did not respond to the draft of the standstill agreement until January 27, 2012, when Avaya sent me a substantially different draft of the written agreement (Exhibit F hereto).   Avaya's proposal does not accurately reflect the parties' discussions during the December 14 meeting.

9.      On February 1, 2012, SNMPRI sent to Avaya written notice (Exhibit G hereto) that its right to use and re-distribute the Software under the License Agreement had been terminated.

10.      Attached hereto as Exhibit H is SNMPRI and SNMPR's complaint against Avaya in the Eastern District of Tennessee.

11.      SNMPRI has not made a motion to enjoin Avaya from selling or shipping products containing SNMPRI's software in any of its pending litigations with Avaya.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 24th day of May, 2012 at Knoxville, Tennessee.

_____
John L. Wood, Esq.

Wm. W. Davis
Joe Mont McAfee
Lewis C. Foster, Jr.
Stephen A. McSween
Wm. E. McClamroch, III
Rockforde D. King
Jonathan D. Reed
Ronald T. Hill
Reuben N. Pelot, IV
Norman G. Templeton

# EGERTON MCAFEE

Egerton McAfee Armistead & Davis, P.C.

ATTORNEYS AT LAW

*CLIENT DRIVEN SINCE 1932*

Cheryl G. Rice
R. Christopher Trump
Nicholas J. Chase
James M. Cornelius, Jr.
P. Newman Bankston
John L. Wood
Charlotte K. Tatum
James P. Moneyhun, Jr.
Wm. H. Kittrell
Melissa B. Carrasco

November 1, 2011

Avaya Inc.
211 Mt. Airy Road
Basking Ridge, NJ 07920
Attn: Barry Marcus

Pamela Craven
211 Mt. Airy Road
Basking Ridge, NJ 07920

Joseph Dearing (by email: jdearing@avaya.com)

Elizabeth McCarthy (by email: elizmccarthy@avaya.com)

**Re: Notification of Breach of License Agreement**

Dear Barry,

Avaya Inc. ("Avaya") has been a good customer of SNMP Research International, Incorporated ("SNMP") for many years. For reasons SNMP does not understand, Avaya has recently either reported royalties for SNMP software incorrectly or not reported royalties at all. Furthermore, Avaya has refused to sign a license agreement for the SNMP software that Avaya obtained from Nortel almost two years ago. SNMP sincerely hopes that the relationship between Avaya and SNMP can be restored. Because of Avaya's refusal to sign a license agreement SNMP has been forced to file suit to protect SNMP's rights in the software Avaya received from Nortel. A draft copy of the complaint is enclosed for your reference. Also, SNMP is hereby notifying Avaya of its breach of Avaya's current license agreement with SNMP.

Avaya and SNMP Research International, Incorporated ("SNMP") are parties to that certain License Agreement LDR-C36E effective as of March 14, 1995, as amended ("Agreement"). The Agreement was assigned from AT&T Corp. – GBCS to Avaya by a letter dated September 28, 2000 to John Southwood. The Agreement and letter are enclosed for your reference.

Decl. J. Wood
EXHIBIT A

550232v1

## Terms of the Agreement

Section 28(c) of the Agreement requires Avaya to pay per-copy royalties "for each binary copy produced and distributed which contains all, some, or part of the Program or Derivative Works thereof." Section 28(e) of the Agreement requires quarterly payment of all royalties due under the Agreement without invoices from SNMP.

Section 31(b) of the Agreement provides that SNMP is entitled to an annual report from Avaya's certified public accountant to verify the accuracy of the license fees paid. Furthermore, Section 31(a) requires Avaya to "keep and maintain all appropriate books and records necessary for the verification of the license fees due SNMP for a period of three years following the quarterly period to which such records relate."

Amendment 62 of the Agreement, effective as of December 28, 2000, between SNMP and Avaya requires that the Source Code version provided under Amendment 62 remain sealed at all times. Section 4(a) of Amendment 62 provides that in the event the seal is broken on the Source Code, Avaya must pay SNMP a fee of $240,000 within thirty days after the seal on the sealed package is broken. Section 4(b) of Amendment 62 gives SNMP the right to inspect the Source Code at any time. If the Source Code is missing or the seal is broken then Avaya owes SNMP $240,000.

## Avaya has breached the Agreement

Avaya has not paid royalties under the Agreement since the period from October to December of 2009. Avaya's royalty reports prior to 2009 do not appear to be accurate. For example, in 2008 Avaya paid SNMP $180.00 in royalties even though in 2009 Avaya reported shipping 1000s of products with SNMP software embedded for which Avaya owed royalties. SNMP has repeatedly questioned the discrepancy between 2008 and 2009 royalty reports and has not received an explanation from Avaya. Avaya's failure to pay royalties since the fourth quarter of 2009 and failure to account for its inaccurate royalty reports are a breach of the Agreement. Pursuant to Section 18(b) of the Agreement, Avaya has forty-five (45) days to cure the breach or SNMP may exercise its rights under the Agreement, at law and in equity.

Furthermore, SNMP has reason to believe that Avaya is using SNMP Software in Avaya products for which Avaya does not have a license. Avaya's unauthorized use of SNMP software is a breach of the Agreement.

## SNMP's Demand

In order to cure the breach of the Agreement SNMP hereby demands that within forty-five (45) days of the date of this letter Avaya:

1. Report to SNMP each Avaya product that contains or has contained in the past an SNMP product and for each Avaya product specify the SNMP product with specificity and the number of Avaya products shipped in each quarter for the years 2005 until the present.
2. Pay all royalties due under the Agreement with interest of 1.5% per month.

550232v1

3. Provide an annual report for the years 2008, 2009 and 2010 from Avaya's certified public accountant that verifies the accuracy of all royalties paid or owed under the Agreement.
4. Provide a report for the first three quarters of 2011 that shows all royalties owed under the Agreement.
5. Provide proof that the Source Code provided under seal pursuant to Amendment 62 to the Agreement is still under seal or immediately pay SNMP $240,000.
6. Purchase licenses from SNMP for any unlicensed uses of SNMP products within Avaya products, regardless of whether the unlicensed use is occurring now or in the past.

Contact me at your earliest convenience so we can resolve this matter amicably.

Sincerely,

EGERTON, McAFEE, ARMISTEAD
& DAVIS, P.C.

By: _____
John L. Wood

Enclosures

550232v1



Support | Locations | English

FedEx Ship Track Manage Learn FedEx Office®

Search fedex.com Submit

Detailed Results

Printer-Friendly Get Link Help

Enter tracking number

Detailed Results | Notifications

Tracking no.: 797690280786 Select time format: 12H | 24H E-mail notifications

## Delivered

Initiated Picked up In transit Delivered

Delivered
Signed for by: C.HELTEM

| Shipment Dates | | Destination |
|---|---|---|
| Ship date | Nov 1, 2011 | BASKING RIDGE, NJ |
| Delivery date | Nov 3, 2011 9:33 AM | Signature Proof of Delivery |

### Shipment Options

Help

**Hold at FedEx Location**
Hold at FedEx Location service is not available for this shipment.

### Shipment Facts

Help

| | | | |
|---|---|---|---|
| Service type | FedEx 2Day A.M. | Delivered to | Shipping/Receiving |
| Weight | 2.0 lbs/.9 kg | Reference | 7317.00002 |

### Shipment Travel History

Help

Select time zone: Local Scan Time

All shipment travel activity is displayed in local time for the location

| Date/Time | Activity | Location | Details |
|---|---|---|---|
| Nov 3, 2011 9:33 AM | Delivered | BASKING RIDGE, NJ | |
| Nov 3, 2011 8:47 AM | On FedEx vehicle for delivery | BRANCHBURG, NJ | |
| Nov 3, 2011 8:05 AM | At local FedEx facility | BRANCHBURG, NJ | |
| Nov 3, 2011 6:22 AM | Arrived at FedEx location | NEWARK, NJ | |
| Nov 3, 2011 3:26 AM | Departed FedEx location | MEMPHIS, TN | |
| Nov 1, 2011 6:09 PM | Picked up | KNOXVILLE, TN | |
| Nov 1, 2011 3:11 PM | Shipment information sent to FedEx | | |

Now delivering by noon on the second business day.
From the U.S. to Sweden, Luxembourg, Switzerland, and the Netherlands. FedEx International Priority®
Learn more

FedEx Advanced Tracking:
The ultimate in tracking visibility.
Watch demo

FedEx. Search fedex.com Submit

**Customer Focus**
New Customer Center
Small Business Center
Service Guide
Customer Support
My FedEx Rewards

**Company Information**
About FedEx
Careers
Investor Relations

**Featured Services**
FedEx SameDay
FedEx Home Delivery
Healthcare Solutions
Online Retail Solutions
Packaging Services
Ancillary Clearance Services

**Other Resources**
Compatible Solutions Program
Developer Resource Center
FedEx Ship Manager Software
FedEx Mobile

**Companies**
FedEx Express
FedEx Ground
FedEx Office
FedEx Freight
FedEx Custom Critical
FedEx Trade Networks
FedEx SupplyChain

**Follow FedEx**

United States - English

© FedEx 1995-2012

Global Home | Site Map | fedex.com Terms of Use | Security and Privacy

Page 1 of 1



From: (865) 546-0500     Origin ID: RKWA
Joy Burkholder

900 S. Gay Street, Suite 1400

Knoxville, TN 37902

J12011080050225

SHIP TO: (865) 111-1111     BILL SENDER
**Barry Marcus**
**Avaya, Inc.**
**211 MOUNT AIRY RD**

**BASKING RIDGE, NJ 07920**



Ship Date: 01NOV11
ActWgt 1.0 LB
CAD: 103277282/INET3210

Delivery Address Bar Code

Ref #     7317.00002
Invoice #
PO #
Dept #



TRK# **7976 9028 0786**
0201

THU – 03 NOV 10:30
MORNING 2DAY

**SB JVIA**

07920
NJ-US
EWR

50FG1/AD13/F5F4

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

Page 1 of 1

From: (865) 546-0500
Joy Burkholder

900 S. Gay Street, Suite 1400

Knoxville, TN 37902

Origin ID: RKWA

FedEx
Express

Ship Date: 01NOV11
ActWgt: 1.0 LB
CAD: 103277282/INET3210

Delivery Address Bar Code

J1120110805025

SHIP TO: (865) 111-1111      BILL SENDER
**Pamela Craven**

**211 MOUNT AIRY RD**

**BASKING RIDGE, NJ 07920**

Ref # 7317.02
Invoice #
PO #
Dept #

THU - 03 NOV 10:30
**MORNING 2DAY**

TRK#  **7953 5989 6832**
0201

**07920**
NJ-US

# SB JVIA

**EWR**



50FG1/A013/F5F4

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

**From:** John L. Wood
**Sent:** Thursday, December 15, 2011 11:23 AM
**To:** 'Dearing, Joseph F. (Joe)'
**Subject:** December 14, 2011 meeting

Joe,

I want to thank you and Michel for traveling to Knoxville yesterday to discuss the outstanding issues SNMP Research has with Avaya. At our meeting we agreed that Avaya owes SNMP Research at least $325,000 in past royalties related to the existing license agreement that Avaya has with SNMP Research. We also agreed that Avaya will allow SNMP Research to perform a forsenic evaluation of (i) the Avaya software/hardware to determine which Avaya software/hardware contains SNMP Research software and (ii) the Avaya accounting system to determine how many units of such Avaya software/hardware have been shipped by Avaya. Avaya will reimburse SNMP Research for the costs of the forsenic evaluation. Once the forsenic evaluation is complete the parties will discuss settlement of all issues. Avaya agrees to pay SNMP Research $325,000 upon the signing of a standstill agreement. The $325,000 will be deducted from the amount that the parties agree Avaya owes as a result of the forsenic evaluation. The standstill agreement will capture the terms above and provide that SNMP Research will not terminate the existing license agreement while Avaya is in the process of curing their breach of the existing license agreement.

The terms outlined in this email are not binding on SNMP Research or Avaya. The parties intend to have a fully negotiated standstill agreement in place by January 13, 2012.

Please confirm that I have captured the terms of the standstill agreement accurately. Once I receive your confirmation I will put together the first draft.

John L. Wood
Egerton, McAfee, Armistead & Davis, P.C.
1400 Riverview Tower
900 S. Gay Street
Knoxville, Tennessee 37902
Direct (865) 292-2503
Office (865) 546-0500
Fax (865) 525-5293

**CONFIDENTIALITY NOTICE:** This e-mail transmission and any document, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer.
**IRS Circular 230 Disclosure:** New IRS rules restrict written federal tax advice from lawyers and accountants. We include the following statement in all outbound e-mails because even inadvertent violations may be penalized. To ensure compliance with these requirements, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Decl. J. Wood
EXHIBIT B

Avaya Inc.
211 Mt. Airy Road
Basking Ridge, NJ 07920


Dear Sirs:

On December 14, 2011, Joe Dearing and Michele Cote of Avaya Inc. ("Avaya") met with SNMP Research International, Inc. and SNMP Research, Inc. (collectively "SNMP Research") to discuss the resolution of various disputed matters. Although we did not fully resolve our dispute we, agreed in principle on a process to move forward which should resolve the issues between us. The purpose of this letter is to memorialize this process.

Avaya and SNMP Research International, Incorporated are parties to that certain License Agreement LDR-C36E, effective as of March 14, 1995, as amended ("License Agreement"). In a letter dated November 1, 2011, Avaya was informed that it is in breach of the License Agreement due to its under payment of royalties, among other things. At our December 14, 2011 meeting we agreed that the amount of royalties Avaya owes to SNMP under the License Agreement is at least USD$325,000 ("Royalty Fee"). We suspect that Avaya owes more than the Royalty Fee and additional license fees and maintenance fees for its use and possession of SNMP Research software. Therefore, we asked to perform a forensic evaluation of Avaya's software ("Avaya Red Software") and accounting system to determine the exact amount Avaya owes for its use and possession of SNMP Research software. Avaya agreed to allow SNMP Research to examine the Avaya Red Software to determine which Avaya Red Software contains SNMP Research software and the shipment amounts for the products that contain such Avaya Red Software. We intend to keep the cost of the evaluation low by using a small team of 2 – 4 accountants from a local or regional independent accounting firm for the royalty evaluation and an independent software expert who will work with an SNMP Research employee to conduct the software evaluation.

In December of 2009, Avaya received software from Nortel Networks ("Avaya Blue Software") that contains SNMP Research software as a part of assets purchased from Nortel Networks. Avaya and SNMP Research have not been able to reach an agreement on the terms and conditions of a license for the SNMP Research software contained in the Avaya Blue Software. As a result, on November 3, 2011, SNMP Research filed a Complaint against Avaya and others initiating Adversary Proceeding No. 11-53454 (KG) in the bankruptcy proceeding captioned *In re Nortel Networks Inc. et al.*, Case No. 09-10138 (KG), in the United States Bankruptcy Court for the District of Delaware ("Litigation"). On December 5, 2011, SNMP Research and Avaya entered into a stipulation that extended Avaya's time to answer the

556851v2

Decl. J. Wood
EXHIBIT E

complaint in the Litigation to 30 days after the date that SNMP Research provides written notice to Avaya that the Stipulation is terminated ("Stipulation").

Because Avaya and SNMP Research continue to disagree on the amount Avaya owes SNMP Research to license the SNMP Research software contained in the Avaya Blue Software, at our December 14, 2011 meeting Avaya agreed to allow SNMP Research to perform a search of the Avaya Blue Software to determine which Avaya Blue Software contains SNMP Research software. Also, Avaya agreed to allow SNMP Research to review the shipment records for the Avaya products that contain such Avaya Blue Software.

Once SNMP Research has verified the extent to which Avaya is possessing, using and distributing SNMP Research software through the means described above, Avaya and SNMP Research agreed to negotiate a settlement of their dispute in good faith. While SNMP Research and Avaya are working together to resolve their dispute SNMP Research agreed to (i) not pursue its rights under the License Agreement and (ii) not terminate the Stipulation ("Forbear").

Accordingly, Avaya and SNMP Research hereby agree as follows:

1. Avaya shall pay SNMP Research the Royalty Fee in immediately available funds at the time of the signing of this letter agreement. SNMP Research agrees that the Royalty Fee shall be applied to the total amount that SNMP Research and Avaya agree that Avaya owes SNMP Research.

2. Avaya hereby agrees to allow SNMP Research to conduct a forensic evaluation covering the period from January 1, 2002 to the present of (i) all of Avaya's software, including, but not limited to, the Avaya Red Software and Avaya Blue Software, for the presence of SNMP Research software and (ii) all of Avaya's shipment records related to the products that contain the Avaya software identified in (i). Avaya shall pay for the cost of the forensic evaluation within 30 days of receipt of an invoice from SNMP Research for such costs. Avaya agrees to provide Avaya employees to assist in the forensic evaluation as requested by SNMP Research.

3. While SNMP Research and Avaya are negotiating in good faith, SNMP Research agrees to Forbear from pursuing its rights against Avaya. If SNMP Research determines that negotiations with Avaya have reached an impasse, then SNMP Research may (i) pursue all of its rights under the License Agreement after providing 5 days written notice to Avaya and (ii) terminate the Stipulation on 30 days written notice to Avaya.

4. This letter agreement is entered into in the State of Tennessee and no tangible personal property is exchanged as a result of this letter agreement.

We understand that nothing in this letter is an admission of any liability by Avaya. By signing below Avaya indicates its agreement to the terms and conditions of this letter agreement. The offer in this letter agreement expires at the end of the day on January 15, 2012. We look forward to working with you to quickly resolve this dispute.

556851v2

Sincerely,

SNMP Research International, Inc.

By: _____
            Mary Case, President

SNMP Research, Inc.

By: _____
            Dr. Jeff Case, President


Agreed and accepted:

Avaya Inc.

By: _____

Name: _____

Title: _____

SETTLEMENT COMMUNICATION

PRIVLEGED & CONFIDENTIAL

Joseph F. Dearing
Corporate Counsel
Avaya Inc.
~~211 Mt. Airy Road~~
~~Basking Ridge, NJ 07920~~

4001 E. Chapel Hill Rd.

RTP, NC 27707

Dear ~~Sirs~~Joe:

On December 14, 2011, ~~Joe Dearing~~you and ~~Michele~~Michel Cote of Avaya Inc. ("Avaya") met with SNMP Research International, Inc. and SNMP Research, Inc. (collectively "SNMP Research") to discuss the resolution of various disputed matters. Although we did not fully resolve our dispute we~~,~~ agreed in principle on a process to move forward which should resolve the issues between us. The purpose of this letter is to memorialize this process.

*Avaya Red Audit*

Avaya and SNMP Research ~~International, Incorporated~~ are parties to that certain License Agreement LDR-C36E, effective as of March 14, 1995, as amended ("License Agreement"). In a letter dated November 1, 2011, SNMP Research alleged that Avaya was ~~informed that it is~~ in breach of the License Agreement due to its under payment of royalties, among other things. At our December 14, 2011, meeting we agreed that Avaya will pay to SNMP Research the amount of royalties that Avaya believes it owes to SNMP under the License Agreement~~.~~. As of December 31, 2011, this amount is ~~at least USD$325,000~~US$424,780 ("Royalty Fee"). ~~We suspect~~SNMP Research suspects that Avaya owes more than the Royalty Fee and that additional license fees and maintenance fees for ~~its~~Avaya's use and possession of SNMP Research software. ~~Therefore, we asked to perform a forensic evaluation of Avaya's software ("Avaya Red Software") and accounting system to determine the exact amount Avaya owes for its use and possession of SNMP Research software. Avaya agreed to allow SNMP Research to examine the Avaya Red Software to determine which Avaya Red Software contains SNMP Research~~
~~656851v3~~

1

Decl. J. Wood
EXHIBIT F

~~software and the shipment amounts for the products that contain such Avaya Red Software.  We intend to keep the cost of the evaluation low by using a small team of 2 – 4 accountants from a local or regional independent accounting firm for the royalty evaluation and an independent software expert who will work with an SNMP Research employee to conduct the software evaluation~~ may be owing.

~~In December of~~In the interest of resolving this dispute, Avaya has agreed to allow an independent auditor appointed by SNMP and reasonably acceptable to Avaya, under appropriate non-disclosure conditions, to perform an audit of Avaya's use of SNMP software in the Avaya products licensed under the License Agreement ("Avaya Red Products"). In accordance with the audit clause of our License Agreement, Avaya will permit the independent auditor to have reasonable access during regular business hours to Avaya's records as necessary to confirm the exact amount of shipments of the Avaya Red Products and whether Avaya has overstated or understated the amounts paid to SNMP for its use and possession of SNMP Research software under the License Agreement. This audit will cover the period from January 1, 2008 to December 31, 2011 for the Avaya Red Products.

The parties will cooperate to keep the cost of the audit low by using a small team of accountants from a local or regional independent accounting firm for the audit.

*Avaya Blue Audit*

On December 19, 2009, Avaya received software from Nortel Networks ("Avaya Blue Software") that contains SNMP Research software as a part of the assets purchased from Nortel Networks. As part of this acquisition the parties executed an Accession Agreement pursuant to which Avaya was permitted to continue shipping products that use Avaya Blue Software ("Avaya Blue Products"), which also contain SNMP Research software under the same terms as an existing license agreement between SNMP Research and Nortel Networks, dated December 21, 1999. This Accession Agreement was extended by the parties via seven subsequent amendments through April 30, 2011. At the same time, the parties were negotiating a license agreement that would replace the Accession Agreement, but Avaya and SNMP Research have not been able to reach an agreement on the terms and conditions of such a license agreement.

During this negotiation process Avaya has continued to ship products that contain Avaya Blue Software and has delivered to SNMP shipment information for ~~the SNMP Research software contained in the Avaya Blue Software.  As a result, on~~such products, but because the parties have not been able to agree upon, among other things, the pricing for the SNMP software, Avaya has not yet paid software licensing fees to SNMP Research.

On November 3, 2011, SNMP Research filed a Complaint against Avaya and others initiating Adversary Proceeding No. 11-53454 (KG) in the bankruptcy proceeding captioned *In re Nortel Networks Inc. et al.*, Case No. 09-10138 (KG), in the United States Bankruptcy Court for the District of Delaware ("Litigation"). On December 5, 2011, SNMP Research and Avaya entered into a stipulation that extended Avaya's time to answer the complaint in the Litigation to 30 days after the date that SNMP Research provides written notice to Avaya that the Stipulation is terminated ("Stipulation").

556851v3

2

~~Because Avaya and SNMP Research continue to disagree on the amount Avaya owes SNMP Research to license the SNMP Research software contained in the Avaya Blue Software, at~~At our December 14, 2011 meeting, Avaya agreed to ~~allow~~cooperate with SNMP ~~Research to perform a search~~by allowing an audit of Avaya's sales order distribution records as necessary to confirm the exact amount of shipments of the Avaya Blue Products subject to the same conditions as the audit of the Avaya Red Products described above. This audit will cover the period from December 19, 2009 to December 31, 2011 for the Avaya Blue Products.

*Avaya Source Code Examination*

In addition to cooperating with SNMP Research on the audits described above, Avaya will assist SNMP Research by performing a reasonable examination of the source code libraries associated with the Avaya Red Software and the Avaya Blue Software. These searches will be performed by Avaya personnel on the source code libraries that are still currently in use by Avaya. The purpose of this examination is to determine ~~which~~whether: (a) the Avaya ~~Blue~~Red Software ~~contains~~uses SNMP Research software. ~~Also, Avaya agreed to allow SNMP Research to review the shipment records for the Avaya~~ in previously unidentified products ~~that contain such~~not listed in the License Agreement or their successor products, or (b) there are additional Avaya Blue ~~Software~~Products that use SNMP software that have not yet been identified. The source code examination will take some time in order to validate the functional use of the SNMP software and identify any false positives within Avaya's current source code libraries, however, Avaya will complete and share with SNMP Research the results of this source code examination as soon as is commercially practicable with the goal of completing this work within 120 days of the date of this letter agreement. Avaya will also provide to SNMP Research monthly updates on its progress.

~~Once~~After delivering the source code examination results, Avaya will continue to cooperate with SNMP Research by: (a) allowing limited and supervised access to Avaya's source code libraries by an SNMP engineer for purposes of validating and confirming these results, subject to the terms of a mutually agreed upon confidentiality agreement; and (b) making available Avaya personnel during normal business hours to address questions from SNMP Research about these results.

Once the audits have been completed and associated payment issues resolved and the source code examination has ~~verified the extent to which Avaya is possessing, using and distributing SNMP Research software through the means described above, Avaya and SNMP Research agreed~~been completed, the parties agree to negotiate in good faith a settlement of their dispute ~~in good faith~~ with respect to the License Agreement, and to continue their negotiations in good faith of the license agreement related to the Avaya Blue Software. While SNMP Research and Avaya are working together to resolve their ~~dispute~~differences SNMP Research ~~agreed~~agrees not to: (i) ~~not~~pursue its rights under the License Agreement ~~and~~or (ii) ~~not~~ terminate the Stipulation ("Forbear").

Accordingly, Avaya and SNMP Research hereby agree as follows:

1. Avaya shall ~~pay~~issue a purchase order to SNMP Research for the Royalty Fee ~~in immediately available funds at the time~~within ten business days of the signing of this letter agreement.

SNMP Research agrees that the Royalty Fee shall be applied to the total amount that SNMP Research and Avaya agree that Avaya owes SNMP Research.

2. Avaya ~~hereby agrees to~~will allow SNMP Research to conduct ~~a forensic~~audits and will cooperate by performing a reasonable evaluation ~~covering the period from January 1, 2002 to the present of (i) all of Avaya's~~its software, ~~including, but not limited to, the Avaya Red Software and Avaya Blue Software, for the presence of SNMP Research software and (ii) all of Avaya's shipment records related to the products that contain the Avaya software identified in (i).~~ source code libraries as described above. Avaya shall pay for the reasonable cost of the ~~forensic evaluation~~audit within ~~30~~60 days of receipt of an invoice from SNMP Research for such costs. ~~Avaya agrees to provide Avaya employees to assist in the forensic evaluation as requested by SNMP Research.~~

3. While SNMP Research and Avaya are cooperating with each other and negotiating in good faith, SNMP Research agrees to Forbear from pursuing its rights against Avaya.~~.~~ If SNMP Research determines that negotiations with Avaya have reached an impasse, then SNMP Research may (i) pursue all of its rights under the License Agreement after providing ~~5~~30 days written notice to Avaya and (ii) terminate the Stipulation on 30 days written notice to Avaya. In the event of either (i) or (ii) above, Avaya's agreement to reimburse SNMP Research for the cost of the audit will immediately terminate.

4. This letter agreement is entered into in the State of Tennessee and no tangible personal property is exchanged as a result of this letter agreement.

~~We understand~~This letter agreement constitutes a confidential and privileged settlement communication. The parties acknowledge and agree that ~~nothing in this letter~~agreement is made for the purpose of compromising disputed claims and avoiding the expense and uncertainty of litigation. Nothing contained in this letter agreement, nor any consideration or payments made hereunder shall constitute, be deemed or be treated by SNMP for any purpose as an admission of ~~any~~an act, position, omission, liability or damages owed by Avaya. By signing below ~~Avaya indicates its~~ the parties indicate their agreement to the terms and conditions of this letter agreement. ~~The offer in this letter agreement expires at the end of the day on January 15, 2012.~~ We look forward to working with you to quickly resolve this dispute.

Sincerely,

SNMP Research International, Inc.

By: _____
    Mary Case, President

SNMP Research, Inc.

By: _____
    Dr. Jeff Case, President

556851v3

4

Agreed and accepted:

Avaya Inc.

By: _____

Name: _____

Title: _____

# EGERTON MCAFEE

William W. Davis
Joe Mont McAfee
Lewis C. Foster, Jr.
Stephen A. McSween
Wm. E. McClamroch, III
Rockforde D. King
Jonathan D. Reed
Ronald T. Hill
Reuben N. Pelot, IV
Norman G. Templeton

Egerton McAfee Armistead & Davis, P.C.
ATTORNEYS AT LAW

*CLIENT DRIVEN SINCE 1932*

Cheryl G. Rice
R. Christopher Trump
Nicholas J. Chase
James M. Cornelius, Jr
P. Newman Bankston
John L. Wood
Charlotte K. Tatum
James P. Moneyhun, Jr
William H. Kittrell
Melissa B. Carrasco

February 1, 2012

Certified Mail, Return Receipt Requested

Avaya Inc.
211 Mt. Airy Road
Basking Ridge, NJ 07920
Attn: Barry Marcus

**Certified Article Number**

7196 9008 9040 0720 6581

**SENDERS RECORD**

Joseph Dearing (by email: jdearing@avaya.com)

**Re:** License Agreement LDR-C36E between Avaya Inc. and SNMP Research International, Incorporated ("SNMP") effective as of March 14, 1995, as amended ("Agreement").

To Whom It May Concern,

By letter dated November 1, 2011, enclosed for your reference, Avaya received written notice from SNMP that Avaya is in breach of the Agreement. As of the date of this letter Avaya has not partially or fully cured its breach of the Agreement. Therefore, pursuant to Section 18 of the Agreement, SNMP hereby terminates the Internal Use and Redistribution Rights found in section 2, Internal Use Rights, section 3, Redistribution Rights in the Agreement, and in all amendments to the Agreement. The termination of Avaya's license rights under the Agreement does not relieve Avaya of its obligations under the Agreement.

SNMP hereby demands that Avaya immediately provide written certification of the destruction of all copies of the Program Source, as defined in the Agreement, and all derivative works of the Program Source in all forms that Avaya possesses, except for one copy which may be used for support purposes.

Sincerely,

EGERTON, McAFEE, ARMISTEAD
& DAVIS, P.C.

By: _____
John L. Wood

cc: Dr. Jeff Case

Enclosure
558942v1

Decl. J. Wood
EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SNMP RESEARCH, INC.,<br>SNMP RESEARCH<br>INTERNATIONAL, INC. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| AVAYA INC. | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## AND BREACH OF CONTRACT

Plaintiffs SNMP Research, Inc. and SNMP Research International, Inc. (hereinafter "Plaintiffs"), by and through their undersigned counsel, hereby bring this complaint for copyright infringement and breach of contract against Defendant Avaya Inc. (hereinafter "Avaya"). This case has been filed because Avaya is engaged in knowing, widespread copyright infringement.

### THE PARTIES

1. Plaintiff SNMP Research Inc. is a Tennessee corporation with its principal place of business in Knoxville, Tennessee.

2. Plaintiff SNMP Research International, Inc. (SNMPRI) is a Tennessee corporation with its principal place of business in Knoxville, Tennessee.

3. Defendant Avaya Inc. is a Delaware corporation with its principal place of business in Basking Ridge, New Jersey.

562094v5

Decl. J. Wood
EXHIBIT H

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over the copyright causes of action pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      Personal jurisdiction exists over Defendant Avaya because this case arises out of Avaya's contacts with this District and Avaya is further subject to the general jurisdiction of this Court. Avaya is registered to do business in this State.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Plaintiffs' claims arose in this District, a substantial portion of the events giving rise to these claims occurred in this District, and because Avaya resides in this District.

**BACKGROUND**

7.      In 1988, University of Tennessee computer science professor Dr. Jeffrey Case and one of Dr. Case's graduate students founded the company that would later become Plaintiff SNMP Research, Inc. From these humble beginnings, Plaintiffs now have dozens of employees in this District. Based in Knoxville, Dr. Case was instrumental in developing technology to manage computer networks (such as the Internet).

8.      One of the founding technologies of modern computer networks is the Simple Network Management Protocol (SNMP) from which Plaintiffs take their name. Dr. Case was instrumental in creating this protocol. The protocol is a way for connected devices to share information by sending and responding to messages. For example, typically, a laser printer communicates with a connected computer using SNMP to pass messages about the printer's status (*e.g.*, offline, needs paper, busy, etc.).

562094v5

- 2 -

9.      Since its creation in the early 1990's with the help of Dr. Case, the protocol has become ubiquitous and the vast majority of connected computing devices in the world use the protocol.

10.     To implement the protocol, Dr. Case developed software, the copyright to which is owned by Plaintiffs SNMP Research, Inc. and SNMPRI. While SNMP Research, Inc. owns the copyrights to individual software files, SNMPRI owns the copyrights to collections/compilations of those files. Thus, a single piece of software may infringe both the copyrights to the individual files as well as the copyright to the collective work.

11.     Plaintiffs' software has been licensed to many of the biggest computer and telecommunications companies in the world and it is widely used in industry. Plaintiffs have licensed their software products to Defendant Avaya, since Defendant Avaya's founding in 2000. Defendant Avaya has used Plaintiffs' software extensively in its products.

12.     Plaintiffs grant licenses that are limited to specific company products, not to all of a company's offerings, such that if a licensee wants to use SNMPRI software on a new product, a new license is required. Plaintiffs' limited licenses are personal in nature and are not transferable.

13.     Plaintiffs are the owners of 16 registered copyrights covering the software as listed below.

| Company | Product | Registration Date | Registration Number |
|---|---|---|---|
| SNMP Research, Inc. | NETMON, Associated Applications, and Libraries Version 15 | January 25, 2011 | TXu 1-706-718 |
| SNMP Research, Inc. | NETMON, Associated Applications, and Libraries Version 15.2 | July 20, 2011 | TXu 1-772-248 |

562094v5

- 3 -

| Company | Product | Registration Date | Registration Number |
|---|---|---|---|
| SNMP Research, Inc. | NETMON, Associated Applications, and Libraries Version 15.3 | July 20, 2011 | Txu 1-772-250 |
| SNMP Research, Inc. | NETMON, Associated Applications, and Libraries Version 15.4 | February 3, 2011 | TXu 1-738-956 |
| SNMP Research, Inc. | NETMON, Associated Applications, and Libraries Version 16 | February 3, 2011 | TXu 1-707-158 |
| SNMP Research, Inc. | NETMON, Associated Applications, and Libraries Version 16.2 | February 3, 2011 | TXu 1-738-954 |
| SNMP Research, Inc. | NETMON, Associated Applications, and Libraries Version 17 | February 3, 2011 | TXu 1-707-157 |
| SNMP Research, Inc. | NETMON, Associated Applications, and Libraries Version 17.2 | February 3, 2011 | TXu 1-738-958 |
| SNMP Research International, Inc. | SNMP Research Collection: Source Code and Documentation Version 15 | February 17, 2011 | TXu 1-710-420 |
| SNMP Research International, Inc. | SNMP Research Collection: Source Code and Documentation Version 15.2 | February 17, 2011 | TXu 1-710-462 |
| SNMP Research International, Inc. | SNMP Research Collection: Source Code and Documentation Version 15.3 | February 17, 2011 | TXu 1-710-430 |
| SNMP Research International, Inc. | SNMP Research Collection: Source Code and Documentation Version 15.4 | February 17, 2011 | TXu 1-710-425 |
| SNMP Research International, Inc. | SNMP Research Collection: Source Code and Documentation Version 16 | February 17, 2011 | TXu 1-710-413 |

| Company | Product | Registration Date | Registration Number |
|---|---|---|---|
| SNMP Research International, Inc. | SNMP Research Collection: Source Code and Documentation Version 16.2 | February 8, 2011 | TXu 1-710-422 |
| SNMP Research International, Inc. | SNMP Research Collection: Source Code and Documentation Version 17 | February 8, 2011 | TXu 1-710-417 |
| SNMP Research International, Inc. | SNMP Research Collection: Source Code and Documentation Version 17.2 | February 17, 2011 | TXu 1-710-435 |

14.    Copies of each of the registration certificates are attached as Exhibits 1-16.

15.    Defendant Avaya is one of the largest and most sophisticated communications and computer equipment manufacturers in the world.

16.    Avaya has acquired several companies whose products were formerly licensed by SNMPRI.

### RED LICENSE FACTS

17.    On March 14, 1995, SNMPRI executed a license with AT&T GBCS (hereinafter, "the Red License").

18.    By its terms, the Red License is governed by Tennessee law.  *See* ¶ 32.

19.    By its terms, the Red License may not be modified except by a writing signed by both parties. *See* ¶ 24(a).

20.    The Red License was subsequently assigned to Avaya Inc. by a written agreement dated September 28, 2000.

21.    The Red License was further modified by written agreements dated May 5, 1995; December 29, 1995; May 14, 1996; October 10, 1996; October 21, 1996; October 25, 1997;

March 13, 1998; March 23, 1998; April 15, 1998; August 14, 2000; December 28, 2000; March 26, 2002; May 8, 2002; January 27, 2003; February 14, 2003; and March 21, 2003.

22.     Pursuant to the modified Red License, Avaya was only licensed to use SNMPRI software in the Avaya products specified in the Red License.

23.     The Avaya product, Communications Manager, is not specified in the modified Red License.

24.     On November 1, 2011, SNMPRI informed Avaya of breaches of the modified Red License by letter in accordance with ¶ 18(b) of the modified Red License.

25.     Avaya did not cure the breaches within 45 days.

26.     February 1, 2012 is more than 45 days after November 1, 2011.

27.     On February 1, 2012, SNMPRI informed Avaya that the modified Red License was terminated pursuant to ¶ 18(b) of the modified Red License.

28.     Paragraph 19 of the modified Red License provides that all expenses, including attorneys' fees, are to be awarded to the prevailing party in any legal action related to the modified Red License.

## COUNT I

### Copyright Infringement – Red License Products

29.     Plaintiffs repeat and reallege the allegations of paragraphs 1-28 above as if fully set forth herein.

30.     Plaintiffs are the owners of the copyrights of the 16 registered works listed in Paragraph 13 above.

562094v5

- 6 -

31.     On information and belief, since at least February 1, 2012, Avaya has been making and distributing unauthorized copies and derivatives of the registered works in conjunction with at least the Gateway 700 product as well as other products.

32.     Unless enjoined and restrained, Defendant's conduct threatens to further infringe Plaintiffs' copyright interests.

33.     By reason of Defendant's infringement and threatened infringement, Plaintiffs have sustained and will continue to sustain substantial injury, loss, and damages to their ownership rights in the registered works.

34.     Further, irreparable harm to Plaintiffs is imminent as a result of Defendant's conduct, and Plaintiffs are without an adequate remedy at law.  Plaintiffs are entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives, and all persons acting in concert with them from engaging in further such acts of copyright infringement.

35.     Plaintiffs are further entitled to recover from Defendant the damages sustained by Plaintiffs as a result of Defendant's acts of copyright infringement.  Plaintiffs are at present unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendant's acts of copyright infringement, but Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Plaintiffs have sustained such damage in an amount exceeding $100,000.

36.     Plaintiffs are further entitled to recover from Defendant the gains, profits, and advantages it has obtained as a result of its acts of copyright infringement.  Plaintiffs are at present unable to ascertain the full extent of the gains, profits, and advantages Defendant has obtained by reason of its acts or copyright infringement, but Plaintiffs are informed and believe,

562094v5

- 7 -

and on the basis of such information and belief allege, that Defendant has obtained such gains, profits, and advantages in an amount exceeding $100,000.

## COUNT II

### Copyright Infringement – Other Products

37.      Plaintiffs repeat and reallege the allegations of paragraphs 1-36 above as if fully set forth herein.

38.      On information and belief, Avaya has been distributing the registered works with Avaya's Communications Manager product.

39.      Avaya does not have a license to distribute the registered works with Avaya's Communications Manager product.

40.      On information and belief, Avaya has been distributing other unlicensed products that infringe one or more of the registered works.

41.      Unless enjoined and restrained, Defendant's conduct threatens to further infringe Plaintiffs' copyright interests.

42.      By reason of Defendant's infringement and threatened infringement, Plaintiffs have sustained and will continue to sustain substantial injury, loss, and damages to their ownership rights in the registered works.

43.      Further, irreparable harm to Plaintiffs is imminent as a result of Defendant's conduct, and Plaintiffs are without an adequate remedy at law.   Plaintiffs are entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives, and all persons acting in concert with them from engaging in further such acts of copyright infringement.

562094v5

- 8 -

44.     Plaintiffs are further entitled to recover from Defendant the damages sustained by Plaintiffs as a result of Defendant's acts of copyright infringement.   Plaintiffs are at present unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendant's acts of copyright infringement, but Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Plaintiffs have sustained such damage in an amount exceeding $100,000.

45.     Plaintiffs are further entitled to recover from Defendant the gains, profits, and advantages it has obtained as a result of its acts of copyright infringement.   Plaintiffs are at present unable to ascertain the full extent of the gains, profits, and advantages Defendant has obtained by reason of its acts or copyright infringement, but Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendant has obtained such gains, profits, and advantages in an amount exceeding $100,000.

## COUNT III

### Breach of Contract – Modified Red License

46.     Plaintiffs repeat and reallege the allegations of paragraphs 1-45 above as if fully set forth herein.

### Non-Payment and Non-Reporting

47.     Paragraph 28 of the Red License required Avaya to pay, on a quarterly basis, a per-copy royalty for each binary copy which contains some or all of the registered works.

48.     Upon information and belief, for at least 2002 through 2011, Avaya did not fully pay the per-copy royalties required in the modified Red License.

562094v5

- 9 -

49.     Paragraph 31 of the modified Red License required Avaya to provide SNMPRI annual reports, prepared by a certified public accountant, verifying the accuracy of royalties paid by Avaya.

50.     Avaya has not provided annual reports for the years 2009-2011.

51.     Avaya breached these provisions of the modified Red License.

<div align="center">**Source Code Destruction Provisions**</div>

52.     In the event of a breach that was not cured within 45 days of notice, Paragraph 18 provided SNMPRI with options on how to proceed.

53.     At SNMPRI's election, Paragraph 18(b)(i) required Avaya to return or provide written notification of the destruction of the all copies or derivatives of the "Program Source" (except for one archive and support copy) on request by SNMPRI.

54.     On November 1, 2011, SNMPRI provided Avaya with written notice of breach.

55.     Avaya did not cure the breach within 45 days.

56.     On February 1, 2012, SNMPRI invoked the provisions of Paragraph 18(b)(i) and demanded written certification of destruction of the "Program Source" and all derivatives.

57.     Avaya has not provided the written certification.

58.     Avaya breached this provision of the modified Red License.

<div align="center">**Source Code Package Amendment**</div>

59.     Pursuant to an amendment dated December 28, 2000, Avaya was provided with certain source code in a sealed package.

60.     If Avaya broke the seal on the package or the package was not made available for inspection by SNMPRI on reasonable notice, then a payment of $240,000 was due to SNMPRI within 30 days. *See* Amendment 62 dated 12/28/00, ¶ 4(a) and (b).

562094v5

61.     SNMPRI requested inspection of the source code package no later than November 1, 2011.

62.     To date, Avaya has not made the source code package available for inspection by SNMPRI.

63.     Avaya has not paid SNMPRI the $240,000 for the source code package.

64.     Avaya breached the source code package provisions of the modified Red License.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and seek relief against Defendant as follows:

A.      For a judgment that Avaya has infringed, and continues to infringe, Plaintiffs' copyrights in the registered software;

B.      For an injunction against Avaya, its officers, agents, servants, employees, all parent and subsidiary companies, all assignees and successors in interest, and those persons in active concert or participation with Avaya, including Avaya's customers, enjoining them from manufacturing, reproducing, distributing, adapting, displaying, advertising, promoting, offering for sale, and/or selling or performing any materials that are substantially similar to the registered works, and to deliver to the Court for destruction other reasonable disposition all such materials and means for producing same in Avaya's possession, custody, or control;

C.      For actual damages and profits in an amount to be determined at trial, including pre-judgment and post-judgment interest, for Avaya's infringement of Plaintiffs' copyrights;

D.      For an Order that Avaya destroy the "Program Source" and all derivatives;

E.      For judgment that Avaya breached the modified Red License and for damages including unpaid royalties, $240,000 for the source code package provisions, and for costs and expenses, including attorneys' fees;

562094v5

F.     For an award of attorneys' fees, costs, and expenses; and

G.     For such further and other relief that this Court deems just and proper.


Dated: March 9, 2012          Respectfully submitted,

*/s/  Reuben N. Pelot IV*
Reuben N. Pelot IV (BPR#014986)
John L. Wood (BPR#27642)
EGERTON MCAFEE ARMISTEAD & DAVIS, P.C.
900 S. Gay Street
Knoxville, TN 37902
Telephone:  (865) 546-0500
Facsimile:  (865) 525-5293
Email: jwood@emlaw.com

James C. Pistorino
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone:  (650) 838-4300
Facsimile:  (650) 838-4350
Email: JPistorino@perkinscoie.com


*Attorneys for Plaintiffs*
*SNMP Research, Inc. and*
*SNMP Research International, Inc.*

562094v5

- 12 -