IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVAYA INC., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 12-191-RGA |
| SNMP RESEARCH INTERNATIONAL INC., | : |
| Defendant. | : |

**MEMORANDUM ORDER**

The Magistrate Judge has filed under seal a Report and Recommendation. (D.I. 70). Plaintiff objected to the unsealing of the complete R&R. (D.I. 77). Defendant opposed. (D.I. 81). The Magistrate Judge, after a hearing on July 12, 2013, overruled the Plaintiff's objections. The Plaintiff has renewed its objections. (D.I. 87). The matter is now before this Court.

The Magistrate Judge had authority to make the decision pursuant to 28 U.S.C. § 636(b)(1)(A), which provides that "a [district] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court [other than certain specified matters including injunctive relief, judgment on the pleadings, summary judgment, class action status, Rule 12(b)(6) motions, an involuntary dismissal]. Such a designation was made. (Oral order, May 1, 2012). The decision is subject to review pursuant to 28 U.S.C. § 636(b)(1)(A), which further provides that the district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." (*See* D.I. 87, at 1).

Thus, findings of fact are reviewed for clear error. Review of the factual determinations

is limited to the record that was before the magistrate judge. Determinations of applicable legal standards are reviewed for error. There are also decisions that involve the exercise of discretion, and discretionary decisions are reviewed for abuse of discretion. "This deferential standard of review is 'especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings.'" *Cooper Hospital/University Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting another District of New Jersey case).

Redactions from judicial work product are strongly disfavored. *See Softview LLC v. Apple Inc.*, 2012 WL 3061027, *9 (D.Del. July 26, 2012); *Mosaid Technologies, Inc. v. LSI Corp.*, 878 F.Supp.2d 503, 507-08 (D.Del. 2012). Unless the information is of the kind where "disclosure will work a clearly defined and serious injury to the party seeking closure," the redactions should not be made. Plaintiff seeks redaction of significant portions of the R&R, including some, but not all, paragraphs on pp. 20-24. (D.I. 88). Those portions of the R&R do not mention a single customer by name, and the only two products mentioned are disclosed (without objection) on p. 2 of the R&R. The proposed redactions include the characterization of Plaintiff's argument, and the rejection of legal authority relied upon by Plaintiff. In essence, but without making much sense to me, Plaintiff is claiming that if its customers become aware of the allegations it is making in this lawsuit, Plaintiff will suffer irreparable harm. In my opinion, Plaintiff has not shown a "clearly defined and serious injury" if the redactions are not made. Therefore, I agree with the Magistrate Judge's legal conclusion, and I presume that whatever oral findings she made are not clearly erroneous.[1]

---

[1] The transcript of the hearing is not of record, and thus I cannot be more conclusive about the Magistrate Judge's factual findings. Given my view of the issues, I do not need to have them.

Thus, this 31st day of July 2013, the Objections (D.I. 87) are **OVERRULED.**

*/s/ Richard G. Andrews*
United States District Judge