# CLARK HILL | THORP REED

December 17, 2013

Clark Hill Thorp Reed
824 N. Market Street
Suite 710
Wilmington, DE 19801
T 302.250.4750
F 302.421.9439

clarkhillthorpreed.com

Hon. Mary Pat Thynge
Chief Magistrate Judge District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 8, Room 2124
Wilmington, DE 19801-3555

                    Re: *Avaya v. SNMP Research Int'l, Inc.*, Case No. 12-191-RGA-MPT

Dear Judge Thynge:

      SNMP Research Inc. ("SNMPR") and SNMP Research International, Inc. ("SNMPRI") (collectively "SNMP") submit this discovery letter in response to Avaya Inc.'s ("Avaya") December 16, 2013 discovery dispute letter.

## I.     Background Facts

      Avaya refuses to provide SNMP the information it needs to compute its damages for Avaya's breach of the license agreement and infringement of SNMP's software. Instead Avaya ignores the proper application of the Discovery Rule without any support for its position.

      Furthermore, Avaya incredibly claims it did not breach the license agreement even though the District Court stated "[Avaya] does not dispute [SNMPRI's] contentions that [Avaya] failed to pay royalties under the terms of the contract and failed to cure its breach within forty-five days." (D.I. 92 at 3, quoting D.I. 70 at 15). Also, Avaya continues to claim SNMP breached the license agreement despite the fact the District Court found Avaya was unlikely to prevail on its claim writing, "[t]he likelihood of [Avaya's] success on the merits is made dubious by its failure to pay, without condition, its delinquent royalties." (D.I. 92 at 4).

## II.    The Discovery Rule allows SNMP to Seek Discovery Dating to 2000

      SNMP clearly explained the law regarding the Discovery Rule in its letter to this Court dated December 16, 2013. The "Discovery Rule" means a claim does not accrue until a diligent person either knew or should have known about his injury. Since no claim has accrued before the "discovery," the statute of limitations does not bar recovery for acts before discovery and the statute of limitations only starts running at the time of discovery. *William A. Graham Co. v. Haughey*, 568 F.3d 425, 437 (2009). Despite this clear case law, Avaya argues "SNMP is . . . limited, as intended by the Copyright Act, to recovering potential damages incurred during the three-year period preceding SNMP's March 2012 filing." This interpretation of the law wholly ignores the existence of the Discovery Rule and would make it meaningless.

631475v4
200047719

### A. Avaya Has No Support For Its Position that the Discovery Rule Does Not Apply

First, Avaya misstates the holding in *Graham I*. Avaya's letter states "*Graham I* does not address the appropriate duration of the applicable damages period once a claim is deemed timely." Contrary to Avaya's assertion, *Graham* does address the appropriate duration of the applicable damages period once a claim is deemed timely. In *Graham*, the Third Circuit found the Discovery Rule allowed the plaintiff to obtain copyright infringement damages for a period of 13 years from 1992 through 2005, because the plaintiff did not and could not have reasonably discovered the infringement until within three years of filing its complaint. *Id.* at 432, 437, 444. Likewise, SNMP pled it did not and could not have reasonably discovered Avaya's infringement until within three years of the filing of SNMP's Complaint. DE 70 at ¶¶ 47, 78.

Second, Avaya fails to cite any case law which supports its conclusion that the Discovery Rule does not apply. Avaya states that SNMP's position is "contrary to controlling precedent" but never identifies the controlling precedent. While Avaya cites to *Graham II*, it does not support Avaya's position. In footnote 4 of its letter, Avaya cites to *Graham II* for the contention that "*Graham I* does not stand for the proposition that plaintiffs, relying on the discovery rule to establish the timeliness of their claims, can recover damages for past infringement grossly exceeding a total three year period." But, as Avaya concedes *Graham II* "does not address the appropriate duration of the damages period." *Graham II* held:

> [W]e conclude that Graham's copyright infringement claim accrued in 1992, when the first infringement took place. The limitations period was then tolled until Graham discovered the infringement in 2004. The District Court acted within its discretion when it assessed prejudgment interest beginning in 1992.

*William A. Graham Co. v. Haughey*, 646 F.3d 138, 151 (3d Cir. 2011).

Third, Avaya incorrectly states SNMP cites no authority for its proffered application of the Discovery Rule even though SNMP clearly cites the *Graham* case, which is Third Circuit law. Avaya states, "SNMP has cited no authority holding that when a plaintiff files suit within three years after it became aware of the alleged infringement, the discovery rule permits that plaintiff to recover for damages incurred more than three years prior to the date of plaintiff's discovery of the alleged infringement." In fact, the court in *Graham* remanded that case determining the plaintiff "was not time-barred from recovering for acts of infringement occurring more than three years prior to [plaintiff's] filing" of its complaint. *Id.* at 444; 429 n.1; *see also Polar Bear*, 384 F.3d. at 706-07 ("[T]he statute of limitations does not prohibit recovery of damages incurred more than three years prior to the filing of suit if the copyright plaintiff was unaware of the infringement, and that lack of knowledge was reasonable.").

Fourth, Avaya relies on an out of context quote from another district. In support of its fall-back position, that SNMP can only seek damages from 2006, Avaya cites *Home Design Servs., Inc. v. B & B Custom Homes, LLC*, 509 F. Supp. 2d 968, 972-73 (D. Colo. 2007) for this proposition. However, *Home Design* made no finding that the Discovery Rule limits damages to three years from the time of discovery, but holds "section '507(b) permits damages occurring outside of the three-year window, so long as the copyright owner did not discover and reasonably

could not have discovered the infringement before the commencement of the three year limitation period.'" *Id.* (quoting *Polar Bear*, 384 F.3d at 706). Accordingly, it supports SNMP.

### B. Avaya's Attempt to Rely on Sixth Circuit Law and Alternate Arguments is Misguided

Even though Sixth Circuit law does not apply to this dispute, Avaya attempts to argue that Sixth Circuit law does not support SNMP's position. At issue is a federal statute and thus the law of the Third Circuit is controlling. *Albertson v. National Service Ind., Inc.*, 2011 WL 4790645, at *1 n.1 (E.D. Penn. Feb. 1, 2011).

However, the Sixth Circuit has also adopted the Discovery Rule. *See Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 390 (6th Cir. 2007). In ignoring this fact, Avaya incorrectly attempts to rely on *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F. Supp. 2d 853 (W.D. Mich. 2008) for the proposition that under the Discovery Rule, the Copyright Act bars recovery for damages occurring more than three years prior to the filing of a complaint. This is not the law and as recognized by various courts throughout the Sixth Circuit, *Goldman* does not stand for that proposition. For instance the Middle District of Tennessee wrote:

> [*Goldman* and the two separate cases cited do not address]: whether Plaintiff should be limited to recovering only those damages he suffered in the three years prior to filing suit, or whether he could reach back beyond the three-year period preceding the lawsuit because he allegedly was unaware of the infringing conduct at that time. . . . . Defendants do not dispute that the Sixth Circuit applies the discovery rule in copyright infringement cases. Moreover, the discussion in *Goldman* was not in the context of a motion for partial summary judgment. Rather, it dealt with a *Daubert* report . . . . *Goldman* is still not squarely on point with the issue and motion pending before this Court. To the extent it is comparable, the Court respectfully disagrees with it.

*Castronuovo v. Sony Music Entm't*, 3:10-CV-0428, 2013 WL 4597038 (M.D. Tenn. Aug. 29, 2013) (internal citations omitted); *see also Design Basics, LLC v. Roersma & Wurn Builders, Inc.*, 1:10-CV-696, 2012 WL 1830103 (W.D. Mich. May 18, 2012) (internal citations omitted).

Avaya also seeks to rely on *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004). However, as the opinion makes clear, Bridgeport is not a case about the Discovery Rule, as it was undisputed Bridgeport had actual knowledge of . . . infringement more than three years before this action was filed." *Id.* at 621. Therefore, the Discovery Rule was wholly inapplicable in *Bridgeport*.

Since Avaya has no authority which shows the Discovery Rule does not apply, Avaya attempts to recast SNMP's reliance on the Discocvery Rule as a "continuing wrong" theory of copyright liability. But, SNMP is not making an argument under the continuing wrong theory and therefore any discussion of the continuing wrong theory is irrelevant.

### III. Conclusion

Finally, Avaya suggests a compromise position. However, the application of the Discovery Rule is a question of law and not equity. As is made clear by the cases, SNMP is entitled to discovery relating back to Avaya's first infringement. Based on the above cited cases, SNMP respectfully submits it must be allowed to take discovery relating back to Avaya's first infringement and asks the Court to rule accordingly.

                Respectfully submitted,

                CLARK HILL THORP REED

                Edward J. Kosmowski (#3849)

                T 302.250.4748
                F 302.421.9439
                Email: ekosmowski@clarkhill.com

EJK/sma

cc: Counsel to Avaya (via electronic filing and email)

## SNMP'S TELECONFERENCE PARTICIPANTS

EDWARD J. KOSMOWSKI OF CLARK HILL THORP REED

RICHARD S. BUSCH OF KING & BALLOW

JOHN L. WOOD OF EGERTON MCAFEE ARMISTEAD & DAVIS, P.C.

ANDREW W. COFFMAN OF KING & BALLOW

200043613