# CLARK HILL

The Honorable Mary Pat Thynge
Chief Magistrate Judge District of Delaware.
J. Caleb Boggs Federal Building
844 N. King Street
Unit 8, Room 2124
Wilmington, DE 19801-3555

Clark Hill
824 N. Market Street
Suite 710
Wilmington, DE 19801
T 302.250.4750
F 302.421.9439

clarkhill.com

Re: *Avaya v. SNMP Research Int'l, Inc.*, Case No. 12-191-RGA-MPT

Dear Judge Thynge:

SNMP Research, Inc. and SNMP Research International, Inc. (collectively "SNMP") respectfully submit two discovery disputes: (1) Avaya Inc.'s ("Avaya") failure to comply with the Court's prior Orders by failing to completely respond to SNMP's Interrogatories and by failing to timely produce documents; and (2) Avaya's failure to provide a proper document production. SNMP respectfully submits that, due to Avaya's contempt of these Orders, this Court should sanction Avaya and award SNMP all of its attorneys' fees and costs related to this Motion.

## I. Avaya Has Failed to Comply with the Court's Discovery Orders

Avaya has failed to fully respond to SNMP's discovery despite two prior Orders compelling Avaya to do so. SNMP served Interrogatories and Requests for Production on July 12, 2013. On September 6, 2013 SNMP wrote Avaya regarding the deficiencies in its responses. On September 11 and 24, the Parties first met and conferred without success.

SNMP then brought this matter to the attention of the Court in a December 16, 2013 letter. While Avaya served SNMP with a supplemental discovery response on that same date, it only addressed a later set of Interrogatories and did not answer any of SNMP's July 12 Interrogatories. Avaya then attempted to mislead the Court when it claimed in its December 17 letter to the Court that SNMP's objection was moot based upon Avaya's December 16 discovery response. Avaya could not have believed that they resolved the on-going discovery dispute with its December 16 responses because Avaya knew it only supplemented a later set of Interrogatories and not the July 12 Interrogatories. Avaya later admitted its answers were incomplete and promised to amend by January 20, 2014, but failed to do so.

On January 24, 2014, SNMP again came to the Court for relief with respect to Avaya's continuing failure to fully respond to Interrogatories and to produce documents, both of which were already months overdue. On that day, the Court issued an Order stating Avaya must fully respond to the Interrogatories and make a "substantial" document production by February 7 (the Scheduling Order has a February 21, 2014 date for substantial completion of production of documents). Avaya has not complied with that Order.

On February 7, 2014, Avaya provided partial answers to the July 12, 2013 Interrogatories and stated it would later supplement those answers. On February 21, 2014 Avaya provided more information, but still did not provide complete responsive information to ten of the July 12 Interrogatories. On March 7, 2014, Avaya provided further insufficient responses as discussed below. Although Avaya advises that it will provide responsive information at some point in the

future, SNMP cannot sit passively and wait. These responses were due, under the Federal Rules, 33 days from July 12, 2013, and, at the latest, February 7th, 2014, pursuant to the Order of this Court. The failure to fully answer these Interrogatories by February 7 was in direct violation of the Order of this Court, and Avaya's failure to answer the Interrogatories even to this day is inexcusable. Avaya is in contempt of this Court's Order, and should receive sanctions.

Such relief is warranted as Avaya's failures violate the Courts' Orders, impact SNMP's ability to prove its case, impact the Court's case management plan, and delay depositions. Each delay benefits Avaya and disadvantages SNMP. Further, Avaya's delays also force SNMP to needlessly expend time and money bringing the disputes before the Court. See Fed. R. Civ. P 37(b)(2)(c); *see also Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.*, 110 F.R.D. 363, 372-73 (D. Del. 1986)

Indeed, there can be no dispute Avaya has not complied with the Court's Orders. On March 6, 2014, the Parties met and conferred yet again concerning Avaya's deficient responses. Avaya again admitted its responses were incomplete (by implication admitting it had violated the Court's Order), and stated it would supplement answers to Interrogatories 1-3, 5, 7, 8, 10-14. On March 7, Avaya provided an incomplete and inadequate supplementation.

For example, Interrogatory 1 seeks the "name, model, material code, material description, all release numbers, date of each release, date of first customer shipment, target operating system and processor, and operating system and processor for cross development tools." For the Avaya Gateway product the revised responses do not list a single release even though these products have been shipping since 2000. The revised response also does not include any information regarding the date of first customer shipment for any of the Avaya products. For the Media Server, IM, and Definity DPA products, no information regarding the target operating system and processor was provided. Finally, Avaya's response fails to include the SG1000 or any of the Spectel products.

Interrogatory 2 asks for the SNMP software used with each release of an Avaya product identified in Interrogatory 1. Since Avaya has not identified the releases for each Avaya product, the SNMP software for each release of an Avaya product has not been identified either.

The information excluded from Avaya's response is the basic building block for SNMP's entire case. In addition to failing to identify two known products, the response fails to include any information regarding when any of the products came to market. Thus, SNMP cannot determine for even a single product when either Avaya's breach or infringement started. Because SNMP's licensing is based on, *inter alia*, the operating system and processor used in a product, SNMP cannot determine the time periods when the use of SNMP software was licensed or unlicensed for many of the Avaya products.

These deficiencies continue throughout Avaya's responses. For example, Interrogatory 13 asks Avaya to identify the people and describe the systems and engineering practices Avaya uses to manage source code revisions. For each system and engineering practice described, Avaya was asked to identify (1) how it has evolved over time; (2) the persons responsible for defining, installing, configuring, operating, and maintaining each system and practice. Avaya objected to this Interrogatory. It then supplemented that response by identifying a number of individuals. On March 7, 2013, Avaya further supplemented by identifying particular products

and the source code system used by each product. However, Avaya failed to identify the individuals responsible for each product or system. Further, Avaya has not provided information regarding evolution of any of these systems. Avaya's identification of the source code system for CM Messaging is identified solely as MESA, which does not identify a commercially available source code system. Thus, Avaya has not provided information in a way that is actually responsive to the Interrogatories or usable. The information sought in Interrogatory 13 is important, in part, because it sheds light on the skills which will be required of the expert witnesses SNMP will need to engage to search Avaya's source code stored via these systems.

Avaya claims it had the right to use SNMP software in its products which is part of its case and its defense to SNMP's claims. Thus, SNMP must be able to determine how Avaya included SNMP software in its products. By failing to provide the requested information in a usable manner, Avaya is attempting to block SNMP from taking discovery on this point.

The Interrogatories outlined here are only examples of Avaya's deficiencies. Space limitations prevent SNMP from fully outlining all Avaya's deficiencies, but SNMP's Interrogatories and Avaya's Responses are attached as Exhibit A.

In addition, Avaya has also ignored this Court's Order requiring Avaya to provide information dating back to 2000. At the first discovery hearing, on December 20, 2013, over Avaya's objection that it should only be required to produce information dating to 2006, the Court issued an Order directing Avaya to produce information dating from October, 2000. Avaya has ignored this Order, cutting off many of its responses in 2006. For instance, Exhibits 2 and 5 to Avaya's responses provide no information prior to 2006. These Exhibits are meant to provide distribution and revenue data for Avaya products containing SNMP software. By failing to provide pre-2006 information, Avaya makes it impossible for SNMP to calculate its damages.

Finally, on January 24, Avaya was Ordered to make a significant production of documents by February 7, and the Scheduling Order states that document production must be substantially completed by February 21. While Avaya did produce approximately 16,000 documents on February 7, 14 and 21 respectively, Avaya went on to produce more than 3,000 documents on March 6 and made another smaller production on March 7. During the Parties' March 6 meet and confer, Avaya stated it would, at some unknown time in the future, produce documents from a recently found hard drive dedicated to SNMP. Avaya is also in violation of this Court's Orders in this regard and should be sanctioned accordingly.

## II. Avaya Has Failed to Provide a Proper Document Production

Avaya has also forced SNMP to search through stacks of non-responsive documents to find responsive documents and refuses to identify the requests to which the documents produced respond. Avaya is playing a game of find the needle in the haystack, and this should not be condoned by this Court.

SNMP has not yet completed review of all the documents produced, largely because Avaya produced more than 50,000 pages of documents on March 6, 2014 and another 1700 pages of documents on March 7 in addition to the over 122,000 pages already produced. Further, Avaya has stated it intends to make another significant production. However, Avaya has failed to identify which produced documents are responsive to SNMP's Requests. SNMP wrote to Avaya regarding its failure to delineate which documents corresponded with SNMP's specific Requests.

On February 11, the Parties met and conferred regarding this issue. Avaya claimed it had no obligation to make such a designation, because the documents were produced "as they are kept in the usual course of business."

For the approximately 10,000 documents SNMP has reviewed, it is clear that Avaya has attempted to obfuscate documents in a vast production. SNMP has definitively determined that at least 2,411 documents are non-responsive. At least an additional 2,612 documents appear to be non-responsive based on their exclusion from broad searches designed to encompass all responsive documents. Thus, it appears approximately one-half of the documents produced are non-responsive. SNMP still has approximately 9,000 documents to review. Forcing SNMP to review these documents without any guidance as to which documents are responsive to which requests is not appropriate as explained by several courts. In *Munich Reinsurance Am., Inc. v. Am. Nat. Ins. Co.*, the Court wrote:

> Rule 34 is generally designed to facilitate discovery of relevant information by preventing attempts to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents. A producing party fails to meet its Rule 34 obligations by producing a mass of undifferentiated documents for the responding party to inspect. While Rule 34 does not obligate a producing party to *per se* organize and label usable documents for the requesting party's convenience, a party exercising Rule 34's option to produce records as they are kept in the usual course of business should organize the documents in such a manner that the requesting party may obtain, with reasonable effort, the documents responsive to their requests . . . . The standard this Court will use in determining what is required will be whether the production allows the requesting party to reasonably determine what documents are responsive to its requests. . . . . If it does not, then the production does not comply.

2011 WL 1466369, at *12 (D. N.J. Apr. 18, 2011) (internal citations omitted).; *Bd. of Ed. v. Admiral Heating & Ventilating, Inc.*, 104 F.R.D. 23, 36 (N.D. Ill. 1984); *see also Williams v. Taser Int'l, Inc.*, 2006 WL 1835437 (N.D. Ga. June 30, 2006). Avaya should be ordered to set forth which produced documents correspond with each of SNMP's specific Requests for Production of Documents within ten days. SNMP also seeks its costs and fees for finding the responsive documents and being forced to bring this discovery dispute to the Court under Rule 37(a)(5)(A).

Respectfully submitted,

CLARK HILL PLC

*/s/ Edward J. Kosmowski*

Edward J. Kosmowski
(Bar # 3849)

Edward J. Kosmowski
T 302.250.4748
F 302.421.9439
Email: ekosmowski@clarkhill.com
Admitted in Delaware

200368876.2