

**DLA Piper LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, Delaware  19801-1147

Laura D. Hatcher
laura.hatcher@dlapiper.com
**T**  302.468.5638

October 30, 2014

*Via Electronic Filing and Hand Delivery*
The Honorable Richard G. Andrews
United States District Court Judge
8444 North King Street, Unit 8
Wilmington, DE 19801

Re:   *Avaya Inc. v. SNMP Research International, Inc.*, C.A. No. 12-191 (RGA) (MPT)

Dear Judge Andrews:

On behalf of Avaya Inc., we write in response to SNMP Research, Inc. and SNMP Research International, Inc.'s (together, "SNMP") October 29, 2014 letter to Your Honor. In its letter, SNMP raises three issues: 1) Avaya's response to SNMP's Notice of Rule 30(b)(6) Deposition; 2) Avaya's contention that its agreements with providers of unrelated software are not relevant under Rule 26; and 3) SNMP's request that Avaya be ordered to respond to discovery by November 26, 2014. As set forth below, SNMP comes to the Court with unclean hands, overreaches, and its claims are without merit. Moreover, Avaya already has agreed to provide updated discovery responses and additional documents by November 26, 2014, so SNMP's request to the Court is unnecessary. SNMP's requests should be denied.

## I.  SNMP Did Not Comply With Chief Magistrate Judge Thynge's Order to Pare Down Its Rule 30(b)(6) Topics

SNMP seeks an order compelling witnesses on 89 topics – an order that Chief Magistrate Judge Thynge already declined to grant – and does so without having complied with Judge Thynge's prior order. Moreover, Avaya has already produced witnesses on a large number of topics, and continues to do so.

On September 24, 2014, SNMP sought an order from Judge Thynge compelling Avaya to produce witnesses in response to 89 remaining topics from its Rule 30(b)(6) Notice. Avaya responded that (i) SNMP's Rule 30(b)(6) Notice contains an unreasonable 141 topics that are overbroad, many of which seek testimony on "all facts and circumstances"; and (ii) SNMP admits that Avaya already has produced witnesses on a large number of topics (approximately 52). The Court declined to order Avaya to provide witnesses on all remaining 89 topics.[1]  Instead, the Court ordered that (i) SNMP "prioritize which topics are important to you and provide those to [Avaya]"

---

[1] At the September 29 hearing, SNMP protested that Avaya had not objected to the Rule 30(b)(6) Notice. First, objections are not meaningful under the Rules of Civil Procedure; instead, one must seek a protective order. Second, as SNMP knows, Avaya did not seek a protective order because SNMP indicated, when the Rule 30(b)(6) notice was first served (in draft form), that it would be reasonable and work with Avaya. Under such circumstances, it would have been premature to seek relief from the Court, and Avaya had every reason to believe that SNMP would proceed in a reasonable fashion. Similarly, even now, the parties were in the middle of a meet and confer process where SNMP promised to get back to Avaya (and Avaya promised to do the same) regarding some of the topics.

by October 3; and (ii) that SNMP "identify [*sic*] some discretion with your topics in that regard to try to hone them down a bit and prioritize them. Instead of asking for the sun, moon and the stars, ask for stuff that is relevant [] instead of making it so broad." SNMP responded affirmatively. SNMP has not complied with the Court's Order.

On October 3, SNMP sent its "prioritized" list of Rule 30(b)(6) topics, organized into categories labeled "extremely urgent," "very urgent," and "urgent," *seeking witnesses for 86 of the 89 remaining topics*. Moreover, SNMP did not revise the broad requests which demand knowledge regarding, for example, "all facts and circumstances related to." In short, SNMP neither reduced the number of topics nor "hone[d] them down a bit," as ordered by the Court. Avaya responded, identified witnesses for a variety of the topics, and requested a meet and confer to discuss SNMP's failure to abide by the Court's order and to narrow the topics, and whether there was some middle ground that the parties could reach. During the meet and confer, it became clear that SNMP would not modify the broad language in its requests or reduce the total remaining topics (it is still seeking witnesses for 86 additional topics).

SNMP's request should be denied. First, this is not a situation where Avaya has refused to produce witnesses. To the contrary, Avaya already has produced witnesses on over fifty topics and continues to produce additional witnesses.[2] In fact, at least five additional witnesses for Rule 30(b)(6) topics have been identified.[3] That SNMP has again sought relief from the Court, despite the continued production of witnesses, is telling. Second, SNMP has failed to comply with Judge Thynge's Order. SNMP should be required to follow the Judge Thynge's Order, reduce the number of topics on which it is seeking witnesses, and narrow the scope of the topics. As it remains, SNMP's Rule 30(b)(6) Notice is simply unreasonable.

## II. Avaya's License Agreements With Third Parties Are Not Relevant

SNMP has requested that Avaya produce license agreements for any software that Avaya licenses for use in products that are at issue in this litigation, despite the fact that such agreements exist between Avaya and entities that are entirely unrelated to this litigation. SNMP also has requested, despite having been silent on this issue until now, that Avaya be forced to respond to an interrogatory identifying all third-party software contained in Avaya's products at issue. SNMP's requests are not relevant to the claims or defenses in this litigation. Moreover, to the extent there is any marginal relevance, it is outweighed by the burden on Avaya to produce these agreements.

As an initial matter, SNMP has repeatedly argued that Avaya must produce the license agreements because SNMP, as licensor, has produced copies of its license agreements with its customers. Of course, SNMP's own license agreements are directly relevant because they involve SNMP's licensing of the very technology that is the subject of this litigation. How SNMP values

---

[2] SNMP's argument that Barry Marcus was identified to testify on many of the same topics as Michel Cote is misleading. SNMP failed to question Mr. Cote on many of the topics for which he was designated, and, importantly, SNMP complained that they wanted someone with more knowledge than Mr. Cote. In offering Mr. Marcus, Avaya attempted to address both of SNMP's concerns.

[3] SNMP's complaints regarding the two witnesses that Avaya has offered for the week of November 17th are off base. The witnesses will be covering three of the products at issue. Given the number and breadth of SNMP's Rule 30(b)(6) topics, it should not be surprising that one witness cannot handle everything. Additionally, Avaya sought to designate a recent deponent, Mary Magnuson, noticed in her individual capacity, as a Rule 30(b)(6) witness and SNMP refused to accept Avaya's designation. It is curious that SNMP now complains that it needs additional witnesses.

that technology and the rates it charges other licensees bears directly on SNMP's claimed damages in this case, and that is presumably why the Court ordered SNMP to produce them to Avaya. Conversely, the amount that a supplier of a *wholly different technology* charges Avaya is irrelevant to SNMP's damages. Where the licensed technology supplies unrelated features and functionality, the amount charged for the use of such technology, subject to the license-specific terms and conditions, has nothing to do with the value of SNMP's technology. SNMP's argument therefore is without support.

Similarly, SNMP's claims regarding Avaya's performance (or, as it claims, non-performance) under license agreements with third parties also are without merit. Whether Avaya violated the terms and conditions of an unrelated license agreement has, once again, no bearing on the claims at issue in this litigation. The license agreements are unique agreements, with unique obligations, terms, and conditions. As a result, how Avaya interpreted or complied with such agreements is not relevant to this litigation.

Last, even assuming, *arguendo*, that there is any minimal relevance to SNMP's fishing expedition, it is outweighed by the burden on Avaya to produce such agreements. *See* Fed. R. Civ. P. 26(b)(C)(iii) (Court may limit discovery where burden outweighs likely benefit). According to SNMP, there are at least seventeen products at issue in this litigation. Each product includes specific third-party software, ranging from a handful of suppliers to approximately ten suppliers per product (significantly more including open source). Each license agreement is governed by the third-party suppliers' terms and conditions, including confidentiality provisions, which require, for example, notice periods and/or an order from the Court before disclosure. Thus, Avaya cannot simply turn over the documents that SNMP requests: it would require a significant and time consuming effort for each license agreement, which burden greatly outweighs any minimal relevance. For this reason as well, SNMP's requests should be denied.

### III. Avaya Agreed to Provide Documents and Interrogatory Responses by November 26

As SNMP has admitted, Avaya already has agreed to provide documents and supplemental interrogatory responses by November 26th. Nevertheless, SNMP seeks an order compelling Avaya to do what it already has agreed to do. SNMP's request should be denied as unnecessary and unwarranted. Moreover, to make its case, SNMP recites a laundry list of alleged missed deadlines by Avaya and, in doing so, neglects important facts.

After an extensive meet and confer in which deficiencies were raised by both Avaya and SNMP, the parties each agreed to attempt to complete production of documents by the end of September. Despite a diligent and good faith effort, Avaya did not complete production, although it did make a production nearly 40,000 pages in the month of September. Similarly, despite what Avaya believes was a good faith effort, SNMP too failed complete production by September 30th. Indeed, on September 30th, SNMP noted that "[t]here are still approximately 2,000 files that are still being reviewed which will be produced in the next few weeks." SNMP has not supplemented its production, nor has it represented when it will complete its production. Yet, SNMP complains to the Court of Avaya's conduct and seeks an order compelling production.

Avaya and SNMP both have documents to produce and interrogatories to update. As Avaya already has agreed, Avaya will complete this process by November 26th.

Respectfully submitted,

**DLA Piper LLP (US)**

*/s/ Laura D. Hatcher*

Laura D. Hatcher (DE No. 5098)

*Counsel for Avaya Inc.*

cc:  All Counsel of Record (*via electronic filing and e-mail*)

EAST\85187273.1