# CLARK HILL

Clark Hill
824 N. Market Street
Suite 710
Wilmington, DE 19801
T 302.250.4750
F 302.421.9439

clarkhill.com

October 30, 2014

*Via Electronic Filing and Hand Delivery*
Hon. Richard G. Andrews
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9, Room 6325
Wilmington, DE 19801-3555

Re: *Avaya v. SNMP Research Int'l, Inc., et al.*, Case No. 12-191-RGA-MPT

Dear Judge Andrews:

SNMP Research, Inc. and SNMP Research International, Inc. (collectively "SNMP") respectfully submit the following response to Avaya Inc.'s ("Avaya") October 29, 2014 discovery dispute letter.

SNMP does not oppose Avaya's request that the parties have until November 20, 2014 to take the deposition of Gary Barnett. In fact, the parties agreed to the extension without the need for the Court's intervention. SNMP did not, therefore, raise Avaya's failure to timely produce Mr. Barnett in its letter to the Court. Since Avaya, however, has chosen to nonetheless raise this issue, and thereby implied that SNMP is being overly aggressive and unreasonable, SNMP must address Avaya's constant delays, not just of Mr. Barnett's deposition, but of discovery in general, which have thwarted SNMP's attempt to prosecute this action. Discovery is scheduled to close on January 14, 2015, and, as discussed below, the current pace of scheduling depositions will simply not allow for the completion of all that needs to be done by that time.

**Avaya Has Not Provided 30(b)(6) Witnesses as Ordered by Judge Thynge**

SNMP served the Rule 30(b)(6) notice on Avaya on June 15, 2014, and for several months, Avaya never objected to even one topic, or claimed it was overbroad in any way.

As set forth in its discovery dispute letter, over the past four months, SNMP has repeatedly requested that Avaya name its Rule 30(b)(6) deponents and provide for their availability. Avaya failed to do so, and SNMP was forced to raise this issue with the Court in a hearing held on September 29th. Judge Thynge ordered Avaya to provide this information. (Sept. 29, 2014 Tr. 193:17-20). Despite the Court's Order, Avaya still failed to provide a complete list of its designees and still has not done so to this day.

Specifically, while SNMP noticed three days of Rule 30(b)(6) depositions for the week of

639593v6

Hon. Richard G. Andrews
Page 2

November 17, Avaya originally would only commit to one deposition and provided no alternative dates for the other two witnesses. Avaya has indicated that Barry Marcus, Brenda Duran-Martinez, and Michael Killeen will be designated for some of the 30(b)(6) topics. Avaya has not advised when those witnesses are available or indicated when those depositions can occur. Instead, Avaya has now offered two different witnesses to cover the exact same Avaya product family the week of November 17. Thus, SNMP is now in a position of having to travel to California for Mr. Barnett's and two corporate designees' depositions on the same product family the week of November 17, instead of taking the depositions of witnesses on different topics as originally planned.[1] With a January 14 discovery cutoff looming, SNMP has no doubt that this problem will only intensify as Thanksgiving, Christmas, New Year's, and Avaya's annual end of the year shutdown approach. SNMP respectfully requests that the Court order Avaya to make an additional witness available the week of November 17 for additional 30(b)(6) topics.

**SNMP's Attempts to Schedule the Deposition of Gary Barnett**

In its letter, Avaya leaves out the first month of history regarding the scheduling of Gary Barnett's deposition which adds significant context to this issue and includes multiple attempts by SNMP and multiple refusals by Avaya to schedule and reschedule his deposition. On August 20, 2014, SNMP initially noticed Mr. Barnett's deposition (as well as two others) for the week of September 29, 2014, agreeing to work with Avaya regarding specific days for the depositions that week. During a subsequent meet and confer call, Avaya stated that its witnesses were not available that week, and requested that the depositions be moved to the week of October 6. SNMP agreed to move the depositions and subsequently re-noticed them for the week of October 6, setting Mr. Barnett's deposition for October 8. Avaya did not even imply that Mr. Barnett was not available that week, or that Avaya objected to his deposition in any way. Thus, SNMP made plans to travel to New York City for those depositions.

On September 24, 2014, Avaya wrote a discovery dispute letter to the Court advising SNMP, for the first time, that Avaya objected to Mr. Barnett being deposed and that Mr. Barnett was not available on October 8. During the subsequent September 29, 2014 hearing, Judge Thynge stated "You find out when this gentleman is available and I want his deposition taken before the end of October." (Sept. 29, 2014 Tr. 72:22-24). Avaya's counsel then stated counsel was not available to defend the deposition during October, and asked the Court to extend the time through the end of the first week of November. (Sept. 29, 2014 Tr. 73:9-14). Based on the representation that counsel could not appear in October, on October 9, SNMP offered to conduct Mr. Barnett's deposition on November 4 or 5. Avaya never responded to that offer. Having heard nothing from Avaya for a week, on October 17, SNMP noticed Mr. Barnett's deposition for November 4. That same day, Avaya changed counsel and informed SNMP that Mr. Barnett was not available on November 4 or 5. Avaya's new counsel stated that Mr. Barnett could either be deposed on November 6[2] or in December.

---

[1] This is a reoccurring strategy of Avaya to designate multiple witnesses on the same topics so Avaya can pick and choose the testimony it finds most helpful. For instance, in June Avaya designated Michel Cote on a number of topics. Then in August, Avaya designated Barry Marcus on a sub-set of those exact same topics for which he then offered contrary and contradictory testimony.

[2] Dr. Case was not available on November 6, 2014 because of Mrs. Case's surgical procedure.

201536065.2

Hon. Richard G. Andrews
Page 3

Avaya's new counsel represented that he was not available to defend Mr. Barnett's deposition in November because of the new counsel's vacation plans, scheduled for November 7 through November 25. SNMP was surprised by that response in light of the fact that Avaya plans to take three depositions of SNMP employees during that same period in November. Nevertheless, that same day, SNMP proposed taking Mr. Barnett's deposition on October 31. Avaya responded that Mr. Barnett was not available on October 31.

Finally, on October 27, Avaya offered to make Mr. Barnett available on November 20. SNMP agreed to take Mr. Barnett's deposition on November 20 as long as it could also take the other necessary depositions already requested for that week. Avaya agreed but then, as discussed above, offered two witnesses to cover the same product family instead of two witnesses that could cover a unique set of topics.

SNMP has tried to be flexible in scheduling depositions. However, that flexibility has resulted in Avaya not producing witnesses and repeatedly delaying depositions. Moving at the current pace will extend the Rule 30(b)(6) depositions over multiple years. Avaya has also asked to move individual depositions causing significant delays. Not the least of which is the 52-day delay that Avaya has forced on SNMP for the taking of Gary Barnett's deposition. This is indicative of Avaya's practice of working to keep SNMP from discovering relevant facts and not meeting the discovery schedule, which has already had to be extended multiple times.[3]

Based on Avaya's current representations, it appears the deposition cannot be taken before November 20, and thus, SNMP will not oppose the relief sought by Avaya. However, as SNMP has been forced to seek relief multiple times in attempting to move discovery forward and Avaya remains uncooperative, SNMP requests that Avaya be ordered to provide a list of its 30(b)(6) designees and their availability to sit for a deposition. SNMP also requests that the Court order Avaya to produce an additional witness the week of November 17 for a set of unique 30(b)(6) topics.

---

[3] For example, at the September 29th hearing before Judge Thynge, Avaya's counsel stated SNMP was being unreasonable to request that Avaya comply with the Protective Order regarding code search and make source code on various products available for inspection under the terms of the Order. Avaya's counsel incorrectly represented to the Court that code for Avaya's Communication Manager product was not available for product releases before 2008 and that it would be incredibly burdensome to produce code for Communication Manager after 2008. (Sept. 29, 2014 Tr. 138:11-13; 184:13-15) As a result, SNMP was directed by the Court to prioritize its source code search request among various products. Yet, at a subsequent deposition on October 8, 2014, Avaya's witness advised that such source code was available dating back to 2002 and could be made available with a few keystrokes. (Magnuson Tr. 28:13-29:21).

201536065.2

Hon. Richard G. Andrews
Page 4

          Respectfully submitted,

          CLARK HILL PLC

          */s/ Edward J. Kosmowski*

          Edward J. Kosmowski (No. 3849)

          T 302.250.4750
          F 302.421.9439
          Email: ekosmowski@clarkhill.com

EJK/sma

cc: Counsel to Avaya (via electronic filing and email)

201536065.2