# EXHIBIT B

| | |
|---|---|
| From: | Benjamin.Stern@hklaw.com |
| To: | John L. Wood |
| Cc: | ClientTeamAvaya-SNMP@hklaw.com; Richard Busch; Patrick W. Ogilvy |
| Subject: | RE: Expert Disclosure and Reports |
| Date: | Wednesday, September 16, 2015 10:19:38 AM |
| Attachments: | image001.png |

Confirmed. I believe I either sent Andrew an email or spoke to him about this previously.

**Benjamin Stern | Holland & Knight**
Partner
Holland & Knight LLP
10 Saint James Avenue, 11th Floor | Boston, MA 02116
Phone 617.305.2022 | Fax 617.523.6850
benjamin.stern@hklaw.com | www.hklaw.com

Add to address book | View professional biography

> **From:** John L. Wood [mailto:JWood@emlaw.com]
> **Sent:** Wednesday, September 16, 2015 11:15 AM
> **To:** Stern, Benjamin M (BOS - X72022)
> **Cc:** Client Team Avaya-SNMP; Richard Busch; Patrick W. Ogilvy (pogilvy@KingBallow.com)
> **Subject:** RE: Expert Disclosure and Reports
>
> Ben,
>
> We never received confirmation from you that Dr. Case and Mrs. Case can see unredacted versions of Avaya's and SNMP's expert reports. We agreed to allow Richard Hamilton and a single other Avaya employee see unredacted reports on the condition that Dr. Case and Mrs. Case also be able to see the unredacted reports. Please confirm your agreement to this arrangement.
>
> **John L. Wood**
> Egerton, McAfee, Armistead & Davis, P.C.
> 900 S. Gay Street, Suite 1400 Knoxville, TN 37902
> Office: (865) 292-2503 | Fax: (865) 525-5293
> Website | Map | Bio | Vcard Download | jlw@emlaw.com
>
> **EGERTON McAFEE**
> Egerton McAfee Armistead & Davis, P.C.
> ATTORNEYS AT LAW

CONFIDENTIALITY NOTICE: This e-mail transmission and any document, files or previous e-mail messages attached to it, are CONFIDENTIAL and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by forwarding this message to the original sender or by telephone at (865)546-0500 and then delete this message and its attachments from your computer system. Thank you.

**From:** Andrew W. Coffman [mailto:acoffman@KingBallow.com]
**Sent:** Wednesday, July 29, 2015 3:43 PM
**To:** 'Benjamin.Stern@hklaw.com'
**Cc:** ClientTeamAvaya-SNMP@hklaw.com; Richard Busch; John L. Wood
**Subject:** RE: Expert Disclosure and Reports

Ben,

First, SNMP Research does not object to Dr. Joachimsthaler and Ms. Moizel reviewing information pursuant to the terms of the Protective Order.

Second, SNMP Research will agree to extend the entire expert discovery schedule three weeks if Avaya will agree that the Motion to modify the scheduling order will include a joint request from the parties to extend the length of the trial based on the complexity of the case and the fact that the parties intend to call at least 14 expert witnesses in this matter. SNMP Research does not seek to extend its own time for rebuttal reports or for depositions at this time, but would need an agreement that if such an extension was required Avaya would consent.

Third, SNMP Research is willing to allow Richard Hamilton as well as a single other Avaya employee to see the unredacted expert reports, including the Brian Napper Report under certain conditions. First, Avaya would need to agree that Dr. Case and Mrs. Case could see unredacted versions of Avaya's and SNMP's expert reports. Second, Avaya would need to disclose the second individual who would see the reports to SNMP for approval which will not be unreasonably withheld. Third, Avaya must agree the two individuals who are allowed to see the unredacted reports will not share any information regarding the redacted sections with any other Avaya personnel and will not use the information contained in the reports for any purpose other than advancing the litigation or a potential settlement of the litigation.

Attached is a redacted Brian Napper report which SNMP consents to Avaya showing to its internal employees to the extent such employees have a need to see the report as part of the litigation or in furtherance of a potential settlement of the litigation. Should Avaya wish to get any other redacted reports please let us know.

Please confirm your agreement to the above by responding to this e-mail.

Best,

Andrew


Andrew Coffman
*Attorney at Law*
King & Ballow Law Offices

315 Union Street Ste. 1100
Nashville, TN 37201
Direct: (615) 726-5488
Main: (615) 259-3456
Cell: (615) 972-9912
Fax: (615) 726-5417
kingballow.com

### Confidential
This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed, and may contain information that is legally privileged or otherwise confidential. If you are not the intended recipient of this message, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender immediately by telephone at (615) 726-5488, or by reply e-mail, and delete the message, along with any attachments. Thank you.

**From:** Benjamin.Stern@hklaw.com [mailto:Benjamin.Stern@hklaw.com]
**Sent:** Monday, July 27, 2015 8:09 PM
**To:** Andrew W. Coffman
**Cc:** ClientTeamAvaya-SNMP@hklaw.com; Richard Busch; JWood@emlaw.com
**Subject:** Expert Disclosure and Reports

Andrew:

We received SNMP-RI's eight expert reports very late Friday night/early Saturday morning and are making our way through them. We were, frankly, quite surprised that you served reports from eight experts; that number of experts is unusual, particularly given the short amount of time Judge Andrews has allotted for this trial.

As you know, we agreed to give you a courtesy extension of three weeks to complete your expert reports. We now request the same courtesy from you. Please confirm. Additionally, given the number of experts the parties have now disclosed, we may want to discuss extending the time for expert depositions.

Additionally, attached are the required expert disclosures under the PO for Peggy Moizel and Erich Joachimsthaler.
Although we recognize that the Protective Order – which was negotiated at the outset of the case and before we knew about the number of experts you were going to use -- gives you 14 business days to object, we request you tell us, by Wednesday COB, whether we can show your expert reports (and all materials cited therein) to Ms. Moizel and to Mr. Joachimsthaler. We also need to know if you object to these experts more generally, so that we can show them other PO-protected materials. If you do not or cannot agree to this request, which we think is reasonable under the circumstances, we will seek a further extension (in addition to the three week reciprocal courtesy extension that we presume you will give us) for our rebuttal reports from the Court.

Finally, we request permission to share Mr. Napper's expert report with Richard Hamilton and others in Avaya's in-house legal department responsible for overseeing this litigation. We trust that Mr. Case will want the same ability to see our responsive expert damages report, and we would have no objection to him seeing it -- provided we can reach agreement. If you do not agree, please let us know which portion(s) of Mr. Napper's report you believe should be redacted before we provide it to Avaya's in-house counsel.

--Ben

**Benjamin Stern | Holland & Knight**
Partner
Holland & Knight LLP
10 Saint James Avenue, 11th Floor | Boston, MA 02116
Phone 617.305.2022 | Fax 617.523.6850
benjamin.stern@hklaw.com | www.hklaw.com

Add to address book | View professional biography

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.