IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AVAYA INC.,

        Plaintiff,

    v.                             Civil Action No. 12-191-RGA

SNMP RESEARCH
INTERNATIONAL INC.,

        Defendant.

**MEMORANDUM ORDER**

Defendants have filed objections (D.I. 311) to a decision of the United States Magistrate Judge. (D.I. 307 & 308). Plaintiff has responded. (D.I. 336). The matter is now before this Court for a decision. Defendants have requested oral argument (D.I. 314), but the written submissions more than adequately outline the dispute between the parties.

The Magistrate Judge had authority to make the decision pursuant to 28 U.S.C. § 636(b)(1)(A), which provides that "a [district] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court [other than certain specified matters including injunctive relief, judgment on the pleadings, summary judgment, class action status, Rule 12(b)(6) motions, and involuntary dismissal]." Such a designation was made in regard to discovery. (D.I. 119, ¶15). The decision is subject to review pursuant to 28 U.S.C. § 636(b)(1)(A), which further provides that the district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

Thus, findings of fact are reviewed for clear error. Review of the factual determinations is limited to the record that was before the magistrate judge. Determinations of applicable legal standards are reviewed for error. There are also decisions that involve the exercise of discretion, and discretionary decisions are reviewed for abuse of discretion. "This deferential standard of review is 'especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings.'" *Cooper Hospital/University Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting another District of New Jersey case).

The instant matter involves the Magistrate Judge's decision in regard to a discovery dispute. The Magistrate Judge has excluded certain portions of the Cross reply expert report. Cross is one of Defendants' nine experts. (D.I. 308, p. 81, pp. 84-87). The Magistrate Judge has managed this case for about two years. She has a thorough knowledge of the proceedings. The parties had as of the date of this dispute had about six discovery disputes with the Magistrate Judge, four telephonically (12/16/13, 12/19/13, 5/1/15, 6/11/15) and two in-person (3/13/14, 9/29/14).[1] This seems the prototypical case in which deference to the Magistrate Judge's decision is appropriate.

As I understand it, Cross wrote an expert report describing Avaya products that included Defendants' copyrighted material. (D.I. 311, p. 3). Plaintiff's expert responded, stating, among other things, that Cross had not done a side-by-side comparison of "the [Defendants'] code" and

---

[1] I noticed that I had also done one discovery dispute in this case. In terms of characterizing what the Magistrate Judge has done, I didn't look deeply into the docket, and took the docket descriptions at face value. Even if I am not right about all of them, the underlying point – that the Magistrate Judge has lived with this case and these parties for a long time – is certain.

the "code in the Communication Manager." (*Id.*, p. 4).[2] In response to Plaintiff's expert's two sentences, Cross replied with about six pages of text and twenty-eight pages of exhibits that described the results of doing the side-by-side comparison. (*Id.*).

The Magistrate Judge held that the side-by-side comparison was not proper rebuttal. I agree with her. Proper rebuttal might have been, "Yes, I did it, look at paragraph 100." Or it might have been, "There's no need to do side-by-side because you've admitted that you copied the Defendants' material." (*See id.*, p. 2 (stating that the copying is "undisputed")). There might have been other proper rebuttals. But doing the analysis that Defendants chose not to do in the opening expert report is not proper rebuttal. It was a violation of the rules (*see* Fed. R. Civ. P. 26(a)(2)(D)) and a violation of the Court's scheduling order. (*See* D.I. 281, ¶1(b)(i) ("The reply to the supplemental disclosure to contradict or rebut evidence on a matter raised in the initial supplemental disclosures is due on or before September 25, 2015.")). Thus, I conclude that the Magistrate Judge was not clearly erroneous to conclude that portions of the reply report exceeded what was allowable under the rules and the Court's scheduling order.

The Magistrate Judge excluded the offending portions of the report.[3] Defendants complain that the Magistrate Judge abused her discretion in doing so, but I do not think that is so. Defendants argue that the Magistrate Judge did not properly consider *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir. 1977). I think she did. She found prejudice. (D.I. 308, p. 87). She could consider representations of counsel in making a

---

[2] Plaintiff's expert stated, "in no case did any of [Defendants' experts] compare any accused source code side-by-side with any source code produced by Avaya. . . . [N]one of the [Defendants' experts] has compared any accused works to the deposit material accompanying [Defendants'] copyright registrations." (D.I. 312-1 at 27, ¶¶ 244-45).

[3] The parties seem to agree on which particular portions they are. (D.I. 311, Exh. B, ¶ 2; D.I. 340, p. 7).

determination. Simply because a merits determination, such as a jury verdict or a summary judgment ruling, cannot rely upon hearsay (*see* cases cited by Defendants, D.I. 311, p. 8), does not mean that discovery disputes cannot be resolved with less formality and representations that could not be relied upon by a jury. There was no dispute that there was prejudice, although the extent of it was not clear. Sometimes it is a judgment call about which straw will break the camel's back. Trial was originally set for December 1, 2014. (D.I. 119). Despite the disproportionate amount of judicial officer time that has been given to the parties to try shepherd them to trial, the original trial date was lost on January 30, 2014. (D.I. 141). On April 3, 2014, a new trial date of August 31, 2015, was set. (D.I. 156). On December 23, 2014, the trial date was extended to February 29, 2016. (D.I. 224). The trial date has since been postponed until May 9, 2016. It is clear that there is a lot of work to be done. Avaya's argument (D.I. 308, p.16) that the parties are stretched thin has support in the record. Therefore, the finding of prejudice is not clearly erroneous. I also believe that the Magistrate Judge's implicit finding ("I happen to agree." D.I. 308, p. 16) that curing the prejudice was not easy was reasonable, and not clearly erroneous. In terms of bad faith or willfulness, while I would hesitate to find bad faith, there is no doubt that Defendants made a tactical decision not to include the information in the expert's opening report. I would also note that Defendants have made representations in the objections to the Magistrate Judge's decision that suggest that they view the excluded analysis as "gilding the lily," which is consistent with their initial decision not to do the analysis. Apparently two sentences in Plaintiff's expert's report was enough to make Defendants regret their earlier decision. It does not, however, take away from the fact that at the time the decision needed to be made, they thought the analysis was unnecessary.

    Therefore, I do not think the Magistrate Judge abused her decision to exclude the

evidence. The objections are **OVERRULED**, and the Joint Motion to Resolve Discovery Dispute (D.I. 294) is **RESOLVED**. Paragraphs 32, 34, 38, 40 (as revised), 69-91, and Exhibits A - D of the Cross Reply Report are **STRUCK**.

IT IS SO ORDERED this 26 day of January 2016.

*/s/ Richard G. Andrews*
United States District Judge